Victor C. JENSEN, Appellant,

v.

Mary E. ENGLISH, Respondent.

No. KCD 30453.

Missouri Court of Appeals, Western District.

Dec. 31, 1979.

Dean A. Hodapp, Blumer & Nally, Kansas City, for appellant.

Spencer J. Brown, Donald C. Bollard, III, Deacy & Deacy, Kansas City, for respondent.

Before SHANGLER, P. J., SWOFFORD and CLARK, JJ.

SHANGLER, Presiding Judge.

The plaintiff sued for personal injury for the negligent operation by defendant of a motor vehicle. The issue of contributory negligence was asserted by the defendant and submitted by instruction. The plaintiff contended for an instruction on comparative negligence, but made no tender to the court. The jury returned verdict for the defendant.

On appeal the plaintiff contends that *Missouri Pacific Railroad Company v. Whitehead & Kales Company*, 566 S.W.2d 466 (Mo. banc 1978)—which distributes indemnity among concurrent tortfeasors according to relative fault—sounds the tocsin for contributory negligence as a principle of law and augurs for comparative negligence. The plaintiff suggests that what a court has done to abrogate the common law prohibition against contribution among joint tortfeasors [*Whitehead & Kales,* supra] and the common law doctrine of sovereign immunity [*Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977)] a court may yet do to abrogate the common law rule of contributory negligence.

This very contention was considered *before Whitehead & Kales* by the Missouri Supreme Court en banc, and rejected. *Epple v. Western Auto Supply Co.,* 557 S.W.2d 253, 254 (Mo. banc 1977). This very contention was considered again *after Whitehead & Kales* by the Missouri Supreme Court en banc, and again rejected. *Steinman v. Strobel,* 589 S.W.2d 293 [Mo. banc, 1979].

The plaintiff suggests no other point of error.

The judgment is affirmed.

All concur.