STATE ex rel. James F. ANTONIO,
Plaintiff-Respondent,

v.

BANK OF LEE'S SUMMIT, Blue Valley
Federal Savings & Loan Ass'n,
etc., Defendants,

Marion P. Beeler, et al.,
Defendants-Intervenors-Appellants.

No. 65527.

Supreme Court of Missouri,
En Banc.

Sept. 11, 1984.

Gene P. Graham, Independence, for defendants-intervenors-appellants.

John Ashcroft, Atty. Gen., B.J. Jones, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

WELLIVER, Judge.

The State Auditor, respondent herein, brought this action against defendants, the Bank of Lee's Summit and Blue Valley Federal Savings and Loan Association, seeking a mandatory injunction compelling defendants to produce certain financial records concerning bank accounts maintained by appellants Marion and Leanna Beeler. Respondent previously had requested the records in a subpoena issued pursuant to § 29.235.2, RSMo 1978. Appellants were permitted to intervene as defendants. The Circuit Court of Jackson County granted the injunction and, thereafter, appellants perfected an appeal to this Court alleging § 29.235.2 is unconstitutional. Mo. Const. art. V, § 3. We now vacate the judgment and dismiss the appeal as moot.

Acting under powers granted to him by § 29.230.2, respondent initiated an audit of the City of Raytown in 1981. In conjunction with the audit, respondent issued subpoenas to defendants ordering them to produce bank records disclosing all banking transactions involving checking and savings accounts maintained by appellant Marion Beeler during the period between January 1, 1978, and September 30, 1981. Beeler served as the Chief of Police for the City of Raytown during the period of time in question. When both defendants refused to deliver the requested records without the consent and authorization of appellants, respondent instituted this suit to compel production. Appellants, having been granted leave to intervene, opposed disclosure of the records on the grounds that respondent lacked authority to require the production of records held by private entities and, further, that § 29.235.2 as applied in this situation violated article I, § 15 of the Missouri Constitution, guaranteeing

"[t]hat the people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures ..." On October 24, 1983, the trial court ruled in favor of respondent and ordered the Bank of Lee's Summit and Blue Valley Federal Savings and Loan to deliver the requested records to respondent on or before November 10 and 11, 1983, respectively.

With leave of the trial court, appellant filed a notice of appeal in this court on November 10, 1983, and the case was docketed for hearing. While the appeal was pending, respondent filed a motion to dismiss the appeal as moot. In support of the motion, respondent submitted the affidavit of an employee of the State Auditor's office stating that, in accordance with the trial court's judgment and without knowledge of appellants' filing of a notice of appeal, he obtained access to the requested documents on November 10 and 11, 1983. It does not appear from the record, nor has it been represented to us, that either defendant had notice of the filing of the appeal at the time they granted respondent's deputy access to the records. Counsel for respondent stated that he did not receive notice of the appeal until November 14, 1983, when he received a letter from appellants' counsel dated November 9, 1983, informing him of appellants' intention to appeal. Appellants do not contend that respondent had actual notice of the appeal prior to November 14, 1983. They contend only that the case is not moot for the reason that respondent may attempt to again examine the records at a later date. During oral argument, counsel for respondent indicated that the audit had been completed and that no further information would be required.

Inasmuch as respondent has gained access to the bank records, the question of whether the trial court properly issued the mandatory injunction becomes moot. The controlling rule is well-stated in *State ex rel. Myers v. Shinnick,* 19 S.W.2d 676, 678 (Mo.1929): "[where] the situation has so changed that the relief sought cannot be granted, the court will not go through the empty formality of determining whether or not the relief asked for might have been granted ... but for [the] changed conditions."

Since there is no necessity for ruling on the merits, the judgment is vacated and the appeal dismissed.

All concur.