Pamela A. CAPPS,
Plaintiff-Respondent,

v.

George K. CAPPS, Defendant-Appellant.

No. 50112.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 29, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 10, 1986.

Theodore S. Schechter, Clayton, for plaintiff-respondent.

Paul J. Passanante, St. Louis, for defendant-appellant.

SIMON, Judge.

Husband, George K. Capps, appeals the granting of wife's, Pamela A. Capps, request for a renewal of a Full Order of Protection under the Adult Abuse Act, Chapter 455, RSMo (Cum.Supp.1984) by the Circuit Court of the City of St. Louis. (All further references are to RSMo Cum.Supp. 1984 unless otherwise noted.) We reverse in part and affirm in part.

On September 20, 1983 wife filed for dissolution of her marriage to husband in the Circuit Court of the City of St. Louis. During its pendency, wife filed, on March 21, 1984, a petition for a Full Order of Protection under the Adult Abuse Act in the same circuit. An ex parte Order of Protection was granted on March 21, 1984, and a hearing was set for April 4, 1984 on the Full Order of Protection. On April 4, 1984, the parties entered into a consent decree, (Order # 1), effective until October 4, 1984.

On October 24, 1984 wife filed for a Full Order of Protection, and on that same day an ex parte Order of Protection was issued. A hearing for a Full Order of Protection was heard on November 7, 1984 before Judge Fullwood and a Full Order of Protection (Order # 2) was granted, effective for 180 days until May 7, 1985. Husband appealed this order and it was affirmed.

*Capps v. Capps*, 703 S.W.2d 53 (Mo.App. 1985).

On April 26, 1985 wife intended to file and apparently thought she had filed a Motion to Renew Order #2 for an additional 180 days. Wife incorrectly filed a Motion to Modify. § 455.060. The trial court treated her motion as a motion to renew. Husband has not raised this issue on appeal.

Upon notice of this motion, husband applied for change of judge, Rule 51.05, and alternatively, disqualification of the judge, § 508.090 RSMo 1978. Husband also filed a Motion to Dismiss on the grounds that wife's renewal motion failed to show an immediate and present danger of abuse. All three of husband's motions were overruled.

At the hearing wife testified that while husband was picking up his son on February 15, 1985 for a weekend visit, husband yelled and screamed at her, calling her a bitch. She stated she and her son started crying, and then all of a sudden husband "took off" in his car while wife still had her hands on the frame of the car, resulting in her being thrown against a tree.

Judge Fullwood entered his order (Order #3) renewing the Full Order of Protection, for 180 days until November 7, 1985. Husband was enjoined from abusing, threatening to abuse, or disturbing wife's peace. Custody of their minor child was granted to wife; husband was granted reasonable visitation rights; husband was ordered to pay $1,350 monthly for child support and $2,150 monthly for maintenance. Husband appeals this order.

■ The standard of review is set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The trial court's judgment is to be sustained unless it: (1) is not supported by substantial evidence, (2) is against the weight of the evidence, or (3) the trial court erroneously declares the law or erroneously applies the law. *Id.* at 32.

In his first point, husband argues the trial court erred in providing wife with relief under the Adult Abuse Act since she

had already commenced a dissolution proceeding under Chapter 452 RSMo 1978. Since wife could have obtained all the relief she sought in the dissolution proceeding, the adult abuse proceeding unnecessarily fragmented the litigation, provided wife with the opportunity to shop for a sympathetic forum, and unnecessarily burdens the judicial system.

This point was raised by husband in his initial appeal. Point one of husband's brief submitted in the appeal of Order #2 has been resubmitted verbatim as point one of this appeal. Since the point has been previously resolved in the prior *Capps* appeal, we defer to that holding.

■ The Adult Abuse Act provides a remedy to any adult who has been the subject of abuse by a present or former adult household member, regardless of the fact the aggressor and victim are parties to any other action, and could obtain relief in that action. "All proceedings under Sections 455.010 to 455.085 are independent of any proceedings for dissolution of marriage, legal separation, separate maintenance and other actions between the parties and are in addition to any other available civil or criminal remedies, unless otherwise specifically provided herein." § 455.070.

The remedies under the Adult Abuse Act are statutorily available to a petitioner, regardless of the fact petitioner and respondent are parties to a dissolution proceeding. *Cunningham v. Cunningham*, 673 S.W.2d 478, 479 n. 1 (Mo.App.1982). Husband's point one is without merit.

We will consider husband's second point in conjunction with his third point. In his second point, husband argues the trial court lacked jurisdiction in issuing Order #2 because wife did not allege in her second petition any acts by husband, subsequent to the issuance of Order #1, which placed wife in apprehension of immediate physical injury. Her petition listed the same facts pleaded in her initial petition. In his third point husband contends that Order #2 lacked sufficient evidentiary sup-

port, in that, the evidence did not indicate that husband had placed wife in apprehension of immediate physical injury.

■ Husband's second and third points allege that the trial court's lack of jurisdiction to enter Order # 2 foreclosed the trial court of jurisdiction to renew that order by issuing Order # 3. These points are a collateral attack on Order # 2, which has been affirmed. *Capps*, 703 S.W.2d 53. This court's judgment in *Capps*, 703 S.W.2d 53, is binding upon the parties not only to those matters which were litigated and determined, but also those matters which could have been litigated and determined under the principle of res judicata. *Jensen v. English*, 592 S.W.2d 541 (Mo.App.1979). The *Capps* court determined the trial court did not error in its application or declaration of the law. That determination is binding upon husband as to all issues he raised in his appeal of Order # 2, as well as to all issues he could have raised. Husband's second and third points are not cognizable by this court.

In his fourth point, husband argues the trial court erroneously presumed that wife was dependent and was in need of maintenance.

An award of maintenance under a Full Order of Protection may be granted if the court finds pursuant to § 455.050.7(1):

    (a) The petitioner and respondent are lawfully married;

    (b) The party lacks sufficient property to provide for his reasonable needs;

    (c) The party is unable to support himself through appropriate employment *or* is the custodian of a child to whom the respondent has a legal duty to support and whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home (emphasis added); and

    (d) There is no existing order for maintenance.

■ In order to obtain continued maintenance in the same amount and duration as in the original order under a renewal of a Full Order of Protection, a petitioner need not allege that circumstances have changed. However, a petitioner does have the burden of proving that he or she is: (1) qualified to continue being granted maintenance under § 455.050.7(1), (2) under a continuing need for the amount originally awarded pursuant to § 455.050.7(2), and (3) in need of it for a specified duration pursuant to § 455.050.7(2). In short, a renewal petitioner can satisfy her burden by presenting evidence that the circumstances forming the basis for the prior maintenance award continue to exist. A mere request for maintenance is insufficient. *Cunningham v. Cunningham*, 673 S.W.2d 478, 480 (Mo.App.1984). Also, a mere request for continued maintenance is insufficient.

Here, in order to meet her burden of proof for continued maintenance, wife should submit evidence that the evidentiary basis of the grant, amount and duration of prior maintenance award continues to exist. This can be accomplished by the presentation of evidence that each of the requisite statutory elements of the grant, amount and duration of the prior maintenance award pursuant to § 455.050.7(1) and § 455.050.7(2), continue to exist.

■ Husband complains that the trial court erred in ruling that wife's ability to earn a living was not relevant "in this particular case" to a grant of a maintenance order. Under § 455.050.7(1) the ability of a wife to support herself through appropriate employment is not solely determinative of the issue of whether the wife is entitled to a grant of maintenance award, if a court finds she is the custodian of a child whom the husband had a legal duty to support *and* the child's condition or circumstances make it appropriate that the wife not be required to seek employment outside the home.

■ The transcript on appeal is devoid of an evidentiary basis for the trial court's conclusion that wife's ability to earn a living was irrelevant to the granting of a renewal of a maintenance order under § 455.050.7(1)(c). This conclusion would have been justified had wife presented evi-

dence at the renewal hearing that the couple's five year old child's special conditions or circumstances continue to make it appropriate that wife not be required to seek employment outside the home. No such evidence was presented.

No evidence was presented at the renewal hearing for the court to find that wife continued to lack sufficient property to provide for her reasonable needs, a finding the trial court must make under § 455.050.-7(1)(b). Judicial notice of the value of wife's property prior to the issuance of Order # 2, while a convenient starting point for the trial court's grant of maintenance under Order # 3, could not serve as a substitute. Without evidence that wife continued to lack sufficient property to provide for her reasonable needs, a grant of a continued maintenance would be based on conjecture. Husband's fourth point is meritorious.

In his fifth point, husband argues the trial court erred in denying his motion for a change of judge pursuant to Rule 51.05(a). Husband argues that a renewal of a Full Order of Protection is a civil action for purposes of Rule 51.05(a); wife argues the renewal is incidental to and engrafted on the original full order of protection and is but a continuation of it, and therefore not a civil action.

In pertinent part, Rule 51.05(a) states, "[a] change of judge shall be ordered in a civil action upon the filing of a written application therefor by any party or by his agent or attorney. The application need not allege or prove any cause for such change of judge and need not be verified."

The governing analysis for determining what constitutes a "civil action" for the purpose of a change of judge is found in *Hayes v. Hayes*, 363 Mo. 583, 252 S.W.2d 323 (1952). The *Hayes* court was faced with the question whether a modification of a divorce decree as to custody was a civil suit. The relevant aspects of this modification proceeding which the court considered in arriving at its holding that such a proceeding is a civil suit, are:

1. The motion is an independent proceeding and the motion itself is treated as a petition in an original action.

2. The motion must state a claim upon which relief may be granted.

3. Proper notice of the motion must be given the party adversely affected.

4. The original decree is final and binding and cannot. be disturbed except upon a proceeding and hearing held for that very purpose.

5. The movant *may be successful only* upon proof of new facts, conditions and circumstances *arising or coming into existence* since the rendition of the original decree. (emphasis added)

6. The relief sought is not that the decree be enforced as written, but that it be modified on account of new facts occurring since the trial.

7. The motion seeks affirmative relief.

8. A final judgment is entered on a motion to modify and appellate review can be sought.

9. A motion for a new trial after judgment is necessary, otherwise appellate review is restricted to the record proper.

10. Motion to modify are not mere adjuncts to the original proceeding and do not relate to the manner in which the judgment shall be given its proper effect. *Hayes*, 252 S.W.2d at 327, 328.

The *Hayes* court rejected the analysis employed in *Robinson v. Robinson*, 186 S.W.2d 1032 (Mo.1916); *Sutton v. Cole*, 155 Mo. 206, 55 S.W. 1052 (Mo.1900); *State ex rel. Reece v. Moore*, 158 S.W. 747 (Mo.App. 1942) and *Cole v. Cole*, 89 Mo.App. 228 (Mo.App.1901). Those cases answered the question as to whether a proceeding was a civil action by asking whether the proceeding was a continuation of a prior proceeding. They stood for the proposition that a "civil suit" is only a "new suit" in the sense of an original action. The *Hayes* court held that it is not important in the final analysis whether a proceeding is a "continuation" or "ancillary" to the original action. *Hayes*, 252 S.W.2d at 327. The deci-

sive question is whether the proceeding "is the kind of independent proceeding which does in fact adjudicate rights of individuals, irrespective of and not conditioned upon what is provided in the original decree." *Id.*, p. 327.

The *Hayes* court in deciding that a motion to modify a divorce is a civil suit, did so by examining whether the proceeding is one in which the relief sought is not that the original remedy be enforced as written, but that it be modified because of changed circumstances. *Hayes,* 252 S.W.2d 328. The *Hayes* court placed particular importance upon the necessity of the movant alleging new facts, conditions and circumstances arising or coming into existence since the rendition of the original decree. *Id.* at 328. Such allegations were highly significant in the court's decision that a motion to modify was a civil suit for purposes of a change of judge.

■ The Adult Abuse Act provides for a renewal of a Full Order of Protection. "Upon motion by either party, and after a hearing by the court, the full order of protection may be renewed for a period not to exceed one hundred eighty days." § 455.040. The renewal order is appealable. § 455.060. The Act does not specify what the petitioner's motion must allege or what the grounds for a renewal are. Before deciding whether a renewal is a civil action, we must determine what the legislature intended as the basis upon which a renewal order can be granted.

Our Supreme Court, in *State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 226 (Mo. banc 1982) considered the legislature's purpose in enacting the Adult Abuse Act and stated:

It was adopted by the Missouri Legislature as a result of an increased awareness nationally of the prevalence of domestic violence and of the need to protect the victims of that violence. It is part of a nationwide trend to legislate in this area. Existing remedies such as peace bonds, regular criminal process, and tort law have proved to be less than adequate in aiding the victims of abuse and in preventing further abuse.

The legislature intended the Adult Abuse Act to provide protection from further acts of abuse. A means toward that end is the renewal of a Full Order of Protection.

Given the fundamental purpose of the Adult Abuse Act, the prevention of further acts of abuse, we conclude that the legislature intended that a renewal of a Full Order of Protection be granted to a petitioner who proves by a preponderance of the evidence that the expiration of the Full Order will place petitioner in an immediate and present danger of abuse. No new acts of abuse need to be alleged for a renewal.

As was stated above, a renewal of a Full Order need not be based upon the allegation of any new facts, although it can be. It can be based on the fact that the circumstances forming the basis for the initial order continue to exist and if the Full Order expires, The petitioner will be placed in an immediate and present danger of abuse. Nor does the renewal petitioner need to seek any change in the relief originally fashioned, but just its continued enforcement.

■ Thus, we conclude that a renewal proceeding is not a civil action for purposes of a change of judge pursuant to Rule 51.05.

■ In his sixth point, husband contends the trial judge erred in not disqualifying himself as prejudiced against husband. § 508.090 RSMo 1978. Husband directs our attention to the following interchange which occurred during the Order # 2 proceedings as evidence of the trial judge's prejudice.

THE COURT: Well, she's not obliged to work. There's no law in Missouri that says a wife has to work.

THE WITNESS: No, I agree, Your Honor, that's right. But I'm just—

THE COURT: It's your obligation to support your wife.

MR. SCHRAMM: [Husband's attorney] What did you—I—I didn't—

THE COURT: I said, it's his obligation to support his wife, is what I said. I said, it's no obligation for her to work. That's a duty of a husband to support his wife.

MR. SCHRAMM: Well, if Your Honor please, I think that's an absolute misstatement of the law under the circumstances and—

THE COURT: Well, you stand to be corrected then. I stand to be corrected.

MR. SCHRAMM: And I would ask that there be a mistrial.

THE COURT: Not here. Overruled.

MR. SCHRAMM: And I would make a formal motion for a change of judge at this time in light of your statement.

THE COURT: Not now, you won't. Overruled.

Husband argues that the dialogue above, on its face, reveals prejudice against him by the trial court. We disagree. Husband also argues that the trial court's comments represent a misstatement of the law with regard to an award of maintenance in an adult abuse case. Whether the trial court misstated the law is irrelevant for purpose of § 508.090.

In *Pippos v. Pippos*, 330 S.W.2d 132, 135 (Mo.App.1960); quoting, *Browder v. Milla*, 296 S.W.2d 502, 508 (Mo.App.1956), our court stated:

> Of necessity, as a jury waived trial progresses, a trial judge must consider and possibly formulate tentative opinions concerning such matters as the probative value of certain testimony, the credibility of certain witnesses, what law should govern particular issues inherent in the trial, and finally must decide who, if anyone, is entitled to prevail therein on the law and the facts. In so doing he is exercising his judicial trial function, and although while so doing he may commit legal error or be mistaken as to his conclusions of law or fact, he is not as a result to be successfully charged with prejudice within the meaning of Section 508.090 RSMo 1949, V.A.M.S., so as to

entitle the aggrieved party to a change of venue.

Husband's sixth point is without merit.

In any event, the award of maintenance is reversed and remanded for further consideration in accordance with this opinion. In all other respects the judgment is affirmed.

KAROHL, P.J., and GARY M. GAERTNER, J., concur.