Susan A. BANDELIER, Respondent,

v.

David J. BANDELIER, Appellant.

No. WD 39580.

Missouri Court of Appeals, Western District.

Aug. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Oct. 4, 1988.

**282**

David J. Bandelier, Kansas City, appellant pro se.

Roger Hoyt, Kansas City, for respondent.

Before COVINGTON, P.J., and NUGENT and GAITAN, JJ.

COVINGTON, Presiding Judge.

David Bandelier appeals the granting of his wife Susan's request for a renewal of a full order of protection under the Adult Abuse Act, chapter 455, RSMo 1986.

On March 17, 1987, Susan Bandelier filed a petition for order of protection in the Circuit Court of Jackson County, case No. DR–87–1439. As a basis for her petition, she alleged acts of physical abuse by her husband which she stated occurred on March 15, 1987. An ex parte order of protection was granted on March 30, 1987. On April 13, 1987, both parties appeared with counsel and the court entered a full order of protection which included orders regarding child custody and support.

On June 11, 1987, Mrs. Bandelier filed a petition for a full order of protection. She referred to the March 15, 1987, acts of abuse and noted that a full order of protection was in effect and would expire on June 11, 1987. The petition was filed as case No. DR–87–3424. Mr. Bandelier filed an application for immediate hearing on June 12, 1987, and, on June 15, 1987, after hearing, the court granted the full order of protection effective for 180 days which included orders for child custody and support. At the hearing, Mrs. Bandelier's counsel informed the court that Mrs. Bandelier was requesting an extension of the original order. The order entered by the court, however, did not reflect that it was a renewal of the original order, nor did it refer in any manner to the original order.

On June 19, 1987, Mr. Bandelier filed a motion to modify pursuant to § 455.060. On June 29, 1987, after a hearing on that matter, the court modified visitation with regard to the youngest child born of the marriage. Subsequently, Mr. Bandelier filed a timely appeal.

■ Mrs. Bandelier suggested in oral argument before this court that the issues raised by Mr. Bandelier may be moot because a decree of dissolution of marriage of the parties has been entered. Mr. Bandelier agreed that a decree of dissolution has been entered. Section 455.060.4 provides that an order of protection shall terminate, unless otherwise provided by law, upon the entry of a decree of dissolution of marriage. Termination of an order does not, however, in and of itself render moot the issues arising from the order. Without more, this court cannot make a determination on the question of mootness. There has been nothing presented to this court to indicate, as to the support award, for example, that the "situation has so changed that the relief sought cannot be granted." *State ex rel. Antonio v. Bank of Lee's Summit*, 676 S.W.2d 240, 241 (Mo. banc 1984). The merits of the appeal must, therefore, be addressed.

This court has painstakingly reviewed Mr. Bandelier's pro se brief. Mr. Bandelier's point relied on contains a lengthy discussion directed exclusively to the question of renewal of an order of protection and the level of evidence required to support an order of renewal. In the argument portion of his brief, Mr. Bandelier alleges trial court error in granting a motion to extend the full order of protection. Underlying this allegation of trial court error are Mr. Bandelier's allegations of insufficient evidence upon which the trial court could have granted both orders of protection. The April 13, 1987, order appears to have been entered by consent, and, in any event, the transcript of the April 13 hearing has not been presented to this court and, thus, will not be reviewed. Rule 81.12(a).

■ Review of the June 12, 1987, order as a renewal order is under § 455.040, which provides that "Upon motion by ei-

ther party, and after a hearing by the court, the full order of protection may be renewed for a period not to exceed one hundred eighty days." The wording of this portion of the statute clearly contemplates a renewal of an existing order. Although Mrs. Bandelier's counsel requested that the court regard the June 12, 1987, petition as being one for renewal, the legal file reflects that the trial court disregarded the suggestion of counsel. The case numbers of the two actions are different. The order of June 15 is not termed a renewal order, and, more significantly, that order makes no reference whatsoever to the April 13 order. The order of June 15, therefore, cannot be regarded as a renewal order.

■ If the order were a renewal order, however, the evidence adduced at the June 15 hearing was insufficient to support the order. To obtain a renewal of a full order of protection, the petitioner has the burden of proving by a preponderance of the evidence that the expiration of the full order would place the petitioner in an imminent and present danger of abuse. No new acts need be alleged. A renewal of a full order of protection can be based upon the fact that the circumstances which formed the basis for the initial order continue to exist. *Capps v. Capps,* 715 S.W.2d 547, 552 (Mo. App.1986). The sole testimony to which Mrs. Bandelier points as evidence of an immediate and present danger of abuse is her statement that Mr. Bandelier had been in her home "several times" since the issuance of the original order. Although Mr. Bandelier's actions, two of which are admitted by him, violate the original order and may constitute a misdemeanor, § 455.085.4(1), Mrs. Bandelier's bare statement does not meet the preponderance of the evidence test required to support a renewal order.

If evidence is insufficient to support a renewal order as to the question of whether or not the petitioner will be placed in immediate and present danger if the order is not renewed, then there exists no basis upon which to proceed to a consideration of custody and support orders included in the full order of protection.

Further, if there is insufficient evidence to support a renewal order, it follows *a fortiori* that the evidence was insufficient to support the full order of protection entered on June 15, 1987. The judgment, consequently, is reversed.

All concur.