Estalene Ruth **JENKINS**, Respondent,

v.

Joe V. **JENKINS**, Appellant.

No. WD 42064.

Missouri Court of Appeals,
Western District.

Feb. 27, 1990.

Edward J. Houlehan of Houlehan and Waterman, Kansas City, for appellant.

Respondent did not file a brief.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal of a judgment in the form of an order, extending a Full Order of Protection, issued pursuant to § 455.040, RSMo 1986.[1] The judgment is affirmed.

Appellant (hereinafter referred to as husband) presents three points on this appeal. He charges the hearing court erred by (1)

overruling his oral Motion to Dismiss the respondent's (hereinafter referred to as wife) Motion to Extend the Full Order of Protection, because of the lack of proper service upon him; (2) overruling his Motion to Dismiss because notice of the hearing on the Motion to Extend the Full Order of Protection was not served on his counsel until one day before the hearing, in violation of Rule 44.01(d); and (3) renewing the order, because there was insufficient evidence to sustain the renewal.

This proceeding stems from an underlying proceeding for dissolution of marriage pending in the circuit court. On November 24, 1987, the wife sought and secured a Full Order of Protection pursuant to § 455.040, RSMo 1986, commonly referred to as the Adult Abuse Act. This *original* order was sought and secured under case number DR87–7231 and expired (by operation of the statute) 180 days later. Under case number DR88–3936, the wife sought and secured another Full Order of Protection on June 17, 1988. Pursuant to the statute, this order also ran for 180 days. On November 22, 1988, the wife filed a Motion to Extend the Full Order of Protection in case number DR88–3936. The husband stipulated to the extension of that order, and it was extended to February 1, 1989. On January 12, 1989, the parties stipulated to extend the Full Order of Protection until April 30, 1989.

On April 18, 1989, the wife filed a Motion to Extend the June 17, 1988 order in case no. DR88–3936. The husband did not agree with or stipulate to the last extension and advised his counsel that counsel was not authorized to receive service on his behalf. Husband's counsel informed wife's counsel of the husband's instructions. A copy of the last motion was delivered to husband's counsel. On April 20, 1989, a notice of hearing was delivered to husband's counsel, stating that a hearing on the motion would be held on April 21, 1989. On April 21, 1989, the wife appeared and the husband did not. Husband's counsel appeared especially for the purpose of presenting an oral motion to dismiss the

1. The statute has been amended: V.A.M.S. § 455.040 (1989).

motion. The oral motion to dismiss was premised upon the charge that the hearing court lacked subject matter jurisdiction and jurisdiction over the husband because the motion was not personally served on the husband. The Motion to Dismiss was overruled. The hearing court heard evidence from the wife and upon the conclusion of that evidence, entered a Full Order of Protection until July 31, 1989, and further ordered the husband to pay to the wife the sum of $750.00 per month as maintenance. This appeal followed.

Under his point (1), the husband claims that the hearing court lacked both subject matter jurisdiction and jurisdiction over his person, pointing out that § 455.040, RSMo 1986 requires personal service. Section 455.040 reads as follows:

1. Not later than fifteen days after the filing of a petition under sections 455.010 to 455.085 a hearing shall be held unless the court deems, for good cause shown, that a continuance should be granted. At the hearing, if the petitioner has proved the allegation of abuse by a preponderance of the evidence, the court may issue a full order of protection for a definite period of time, not to exceed one hundred eighty days. Upon motion by either party, and after a hearing by the court, the full order of protection may be renewed for a period not to exceed one hundred eighty days.

2. The court shall cause a copy of the petition and notice of the date set for the hearing on such petition and any ex parte order of protection to be personally served upon the respondent at least five days prior to such hearing; the court shall cause a copy of any full order of protection to be personally served upon the respondent.

3. A copy of any order of protection granted under sections 455.010 to 455.085 shall be issued to the petitioner and to the local law enforcement agency in the jurisdiction where the petitioner resides. A notice of expiration or of termination of any order of protection shall be issued to such local law enforcement agency.

A reading of the foregoing statute clearly denotes the requirement of personal service at the time of the filing of the original petition for a Full Order of Protection. However, the statute makes no reference to service in those instances where an order is renewed. There are no cases from our courts which have addressed this question, and it now falls to this Court to rule on it.

A decision, while not precisely answering the question but which, nonetheless, offers some guidance is *Bandelier v. Bandelier*, 757 S.W.2d 281 (Mo.App.1988). While this court in *Bandelier* reversed the renewal order on grounds of insufficient evidence, it did, however, recognize a distinction between an original proceeding and a renewal proceeding under the statute.

In *Bandelier*, the petitioner filed an original petition on March 17, 1987. An order ex parte was issued. After a hearing, a full order was entered. On June 11, 1987, the petitioner filed a second petition for a full order, and this was docketed under a separate and different case number. Petitioner argued that the second petition was intended and should be construed as a Motion for Renewal. There was no reference within the second petition to the initial proceeding and by its wording, it did not suggest or reflect it was a request for a renewal of the initial order. This court ruled that since the second petition made no reference to the initial petition, did not suggest it was a request for renewal, and had been processed under another case number, the second petition was, in fact, an original proceeding and service of process was required. However, this court recognized the inherent difference between an original proceeding and a renewal by referring to that portion of the statute which reads, "Upon motion by either party, and after a hearing by the court, the full order of protection may be renewed for a period not to exceed one hundred eighty days."

■ In the present case, there is no question that the proceedings were the result of the wife's Motion to Renew. In addition, and unlike *Bandelier*, these proceedings were initiated within the same

case (and by case number) as the original proceedings. The question then is whether or not personal service is required when one of the parties files a motion to extend the date of the original order.

The long-standing purpose of personal service is premised upon notice to one or more interested parties. In this case, it is especially important due to the fact that any conduct which violates the order may produce criminal penalties. *State ex rel. Williams v. Marsh*, 626 S.W.2d 223 (Mo. banc 1982).

■ Since the drafters of the Adult Abuse Act did not include any definition of the term "notice", that term is left to construction by the courts. In our state, our courts have ruled that the term "notice" encompasses both express and implied notice, that is, notice is regarded in law as actual where the person sought to be charged therewith either knows of the existence of the particular fact in question or is conscious of having the means of knowing it, even though such means may not be employed by him. *Lamke v. Lynn*, 680 S.W.2d 285 (Mo.App.1984). Whatever fairly is sufficient to put an ordinarily prudent person on inquiry constitutes notice to him as to facts as would be disclosed by proper inquiry and reasonable pursuit. *Lamke, supra,* citing to *Golden v. National Utilities Co.*, 356 Mo. 84, 201 S.W.2d 292, 297 (1947); *Crane v. Liberty Foundry Co.*, 322 Mo. 592, 17 S.W.2d 945, 947 (1929); *Hatcher v. Hall*, 292 S.W.2d 619, 625 (Mo.App. 1956). Actual notice may also be inferred from direct evidence or from attending facts and circumstances. *Lamke, supra.*

There is no question that in the case herein, the husband had actual and express notice of the Motion for Renewal and the hearing. This is evident by his instructions to his counsel and the latter's appearance at the hearing. Both the motion and the notice for hearing were delivered to husband's counsel prior to the hearing and counsel, pursuant to his client's instructions, appeared for the husband.

There is likewise no question that the husband had been personally served with the original petition and that the husband had twice stipulated to the extension of the order. There is no question that the husband was fully aware of the consequences of any violation of the order. From the foregoing, it is inferred that husband had actual notice of the motion and the hearing, and that further, this notice satisfied the requirements of the statute.

Husband's point (1) is ruled against him upon this court's finding that service of process is unnecessary in those cases wherein a Motion to Extend a Full Order of Protection is filed prior to the expiration of the original order or prior to the expiration of any subsequent orders entered upon a Motion to Extend, and that such proceedings continue within the same case and are subject to the same case number or case identification upon a showing that the respondent has been properly notified of the pendency of the proceeding. The case herein falls squarely within this reasoning and ruling.

■ Under his second point, the husband asserts that the hearing court erred in not sustaining his oral motion to dismiss, because the notice of the hearing was not filed in conformity with Rule 44.01(d), requiring both service of the written motion and notice no later than five days prior to the hearing unless that time is shortened by an order of the court.

The facts surrounding this question reveal that husband certainly had been served with the original petition prior to June 17, 1987. In addition, he had participated in two extensions of the order. He was also aware of the expiration of the order (as extended) on April 30, 1989. Husband's counsel was made aware of the motion to renew on April 17, 1989, and the motion was served on counsel April 18, 1989. Notice of the hearing was served on counsel on April 20, 1989. It must be concluded that the husband had knowledge of the activity relative to the original and subsequent requests for extensions.

■ When notice of a proceeding has been given for a period of time different than the five days prescribed by the rule, the question then is whether the notice

given was reasonable under the facts and circumstances. Reasonable notice is prerequisite to a court's power to order a period of time different than that prescribed by the rule. *State ex rel. Gleason v. Rickhoff*, 541 S.W.2d 47 (Mo.App.1976).

Because of the facts and circumstances of this case, this court finds and rules there was reasonable notice of the hearing provided. Husband's point (2) is ruled against him.

■ Under his final point (3), husband asserts the hearing court erred in ordering renewal of the Full Order of Protection because the evidence was insufficient to sustain a finding that the wife was placed in an imminent and present danger of abuse.

*Capps v. Capps*, 715 S.W.2d 547 (Mo. App.1986) addressed this question and ruled that when a renewal order for a Full Order of Protection is supported by a preponderance of the evidence in support of the motion, the Full Order of Protection must be granted. The required proof is not any new or additional acts of abuse, although such acts, if present, certainly can be included, but rather, the proof must be that expiration of the order will place the petitioner/movant in immediate and present danger of abuse. *Capps, supra.*

A reading of the transcript in the instant case clearly indicates that the hearing court became convinced that if the order were allowed to expire, the wife would be placed in a position of immediate and present danger of abuse. The wife was the only witness to testify. Her testimony recounted acts of violence perpetrated against her by her husband accompanied by threats of future or continued violent acts.

The testimony of the wife included an account of her worsened economic status since the filing of the original petition. She was forced to deplete almost her entire savings. She was not employed due to her age and arthritic condition. From this evidence and in addition to extending the order, the hearing court found a continued existence or need for maintenance for the wife and ordered payment of $750.00 per month to her from the husband. The record before this court supports the findings and judgment of the hearing court and the husband's contention that the evidence was insufficient is without merit. Husband's point (3) is ruled against him.

The judgment is in all respects affirmed.

All concur.