**Debra Jo KENNEDY, Plaintiff–Respondent,**

v.

**James Elmer KENNEDY, Defendant–Appellant.**

No. 20309.

Missouri Court of Appeals, Southern District, Division One.

June 13, 1996.

1. All statutory references are to RSMo 1994; all rule references are to Missouri Rules of Civil

Wayne Gifford, Waynesville, for appellant.

BARNEY, Judge.

■ Respondent Debra Jo Kennedy (Wife) filed an adult abuse act petition under § 455.010–085 [1] in the Circuit Court of Pulaski County, Missouri, on May 26, 1995. Appellant James Elmer Kennedy (Husband), on June 2, 1995, filed and served on Wife, his Answer to her petition and a Cross–Petition for Dissolution of Marriage. The trial court dismissed the Cross–Petition for Dissolution of Marriage. Husband appeals, maintaining that the court erred in dismissing his petition for dissolution of marriage because under Rule 55.32 his petition, if not a compulsory counterclaim, was at least a permissive counterclaim.

Section 455.070, the Adult Abuse Act, provides as follows:

Procedure (1995).

All proceedings under sections 455.010 to 455.085 are *independent of any proceedings for dissolution of marriage,* legal separation, separate maintenance and other actions between the parties and are *in addition to any other available civil* or criminal remedies, unless otherwise specifically provided herein. (Emphasis added.)

In *Capps v. Capps,* 715 S.W.2d 547 (Mo. App.1986) husband argued that the trial court erred in providing his wife with relief under the Adult Abuse Act since she had already commenced a dissolution of marriage action under Chapter 452 RSMo. He argued that "[s]ince wife could have obtained all the relief she sought in the dissolution proceeding, the adult abuse proceeding unnecessarily fragmented the litigation, provided wife with the opportunity to shop for a sympathetic forum, and unnecessarily burdens the judicial system." *Id.* at 549. The appellate court held, however, that " '[a]ll proceedings under Sections 455.010 to 455.085 are independent of any proceedings for dissolution of marriage, legal separation, separate maintenance and other actions between the parties and are in addition to any other available civil or criminal remedies, unless otherwise specifically provided herein.' § 457.070." *Id.* at 549. It is clear that "[t]he remedies under the Adult Abuse Act are statutorily available to a petitioner, regardless of the fact petitioner and respondent are parties to a dissolution proceeding." *Id.* at 549; *see also Cunningham v. Cunningham,* 673 S.W.2d 478, 480 (Mo.App.1984).

"[G]enerally, a civil action is recognized as one for the enforcement or protection of a private right or for the redress of a private wrong." *Parker v. Lowery,* 446 S.W.2d 593, 595 (Mo.1969)(emphasis omitted). The legislature created the specific right of action for adult abuse and it may condition the right as it sees fit. *Glick v. Ballentine Produce, Inc.,* 396 S.W.2d 609, 615 (Mo.1965). In the instant case, the legislature has mandated that all proceedings under the Adult Abuse Act are, *inter alia, independent* of any proceeding for dissolution of marriage under Chapter 452. Therefore, Husband is prohibited from maintaining his action for dissolution of marriage in Wife's action for adult abuse. It follows then that the provisions of Rule 55.32 relating to permissive and compulsive counterclaims for a dissolution of marriage in conjunction with an adult abuse petition are not controlling here.

 Husband, nevertheless, has a right to file a dissolution of marriage action in an independent action at any time he wishes, upon compliance with applicable statutory procedure. Wife's filing of an adult abuse action does not preclude this right. *Capps,* 715 S.W.2d at 549.

The judgment of the trial court is affirmed.

MONTGOMERY, P.J., and GARRISON, J., concur.