

# In the Missouri Court of Appeals
## Western District

N.M., )
             Respondent, )      **WD79313**

v. )

                      )      **FILED: November 29, 2016**

MATTHEW RAY MARTIN, )

             Appellant. )

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
### THE HONORABLE PATRICIA S. JOYCE, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE, GARY D. WITT AND ANTHONY REX GABBERT, JUDGES

Matthew Martin appeals from a judgment granting his ex-wife, N.M.,[1] a full order of protection against him. Martin contends there was insufficient evidence to support the entry of the order. He also asserts that the court erred in failing to award him damages on his counterclaim. For reasons explained herein, we affirm the judgment granting N.M. a full order of protection against Martin and dismiss his counterclaim for damages.

---

[1] We refer to the victim using only her initials to protect her privacy. § 566.226, RSMo Noncum. Supp. 2014.

**FACTUAL AND PROCEDURAL HISTORY**[2]

Martin and N.M. were married in 1988 and had one child. They separated in May 2014. N.M. filed a petition for dissolution of marriage in June 2014, and Martin filed a counter-petition for dissolution a month later.

Shortly before N.M. filed her dissolution petition, there was an incident in which N.M. alleged that Martin cut her with a knife. Based upon this incident, N.M. filed a petition for an adult order of protection. An ex parte order was issued. The court held a contested hearing on N.M.'s petition for a full order of protection on July 17, 2014, and entered a full order of protection on that date.

Martin's and N.M.'s marriage was dissolved in April 2015. In September 2015, after N.M.'s July 17, 2014 full order of protection had expired, Martin began making intimidating and offensive gestures and comments to N.M. Martin and N.M. work in the same building. Whenever Martin would see N.M. drive past him as he was walking to work, Martin would always flip her off with his middle finger. Because of this, N.M. changed her route to work. Although N.M. and Martin normally did not run into each other in their office building, a few weeks after the full order of protection expired, Martin purposely went into the office building's elevator with N.M. While the two were in the elevator together, he called her a "cunt." Martin also repeatedly texted N.M. and demanded that she give him the

---

[2] N.M. has filed a motion to strike Martin's brief or dismiss his appeal based on his violations of Rule 84.04. We exercise our discretion to review the merits of Martin's appeal despite the numerous briefing deficiencies, because the violations do not impede our review. *See Travelers Commercial Cas. Co. v. Vac-It-All Servs., Inc.*, 451 S.W.3d 301, 304 n.1 (Mo. App. 2014). N.M.'s motion is denied.

keys to the house that she lives in with their child, even though Martin has not lived there since June 2014.

N.M. filed a petition for an adult order of protection on September 9, 2015. In the petition, she alleged that she was afraid of Martin and that there was an immediate and present danger of domestic violence to her or other good cause for an emergency temporary order of protection because Martin previously physically harmed her and, since the last order of protection had expired, continued to harass and scare her. An ex parte order was issued.

Martin then filed a "Pro Per Rebuttal and Counterclaim," in which he denied that he had ever physically harmed or harassed N.M. He asked the court to award him $4,902.23 in damages "for legal expenses, personal stress and lost time at work" he allegedly suffered as a result of N.M.'s "false claims" against him. Following a contested hearing, the court entered a full order of protection for N.M. against Martin. Martin filed this appeal.

**STANDARD OF REVIEW**

Appellate review of this court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Skovira v. Talley*, 369 S.W.3d 780, 781 (Mo. App. 2012). We will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32. We view all facts and inference in the light most favorable to the judgment and defer to the circuit court's credibility determinations. *Skovira*, 369 S.W.3d at 781-82. This is

3

because "'[t]he trial judge is in the best position to gauge the credibility of the witnesses and to determine the existence of any reasonable apprehension of abuse that a petitioner may harbor; conversely, the judge can determine whether a given respondent appears capable of the feared abuse.'" *Id*. at 782 (citation omitted).

## ANALYSIS

In Point I, Martin contends the court erred in granting N.M. a full order of protection against him because the evidence was insufficient to support the order. He argues that the evidence showed that his communications with N.M. were consistent with "normal inquiries for his joint legal custody of his child" and his attempt to obtain his property from N.M.

The Adult Abuse Act provides that "[a]ny person who has been subject to domestic violence by a present or former family or household member, or who has been the victim of stalking or sexual assault, may seek relief under [the Act] by filing a verified petition alleging such domestic violence, stalking, or sexual assault by the respondent." § 455.020.1.[3] "Abuse," as defined by the statute:

> includes but is not limited to the occurrence of any of the following acts, attempts or threats against a person who may be protected pursuant to [Chapter 455] . . .:
>
> (a)  "Assault", purposely or knowingly placing or attempting to place another in fear of physical harm;
>
> (b)  "Battery", purposely or knowingly causing physical harm to another with or without a deadly weapon;

---

[3] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2015 Noncumulative Supplement, unless otherwise indicated.

4

. . . .

In her petition, N.M. alleged that Martin had previously physically harmed her and, since the last order had expired, had continued to harass and to scare her. To support these allegations, N.M. testified that Martin was violent to her during their marriage. Referring to the 2014 knife incident that led to the first full order of protection, N.M. testified that Martin physically harmed her during that incident, requiring her to go to the emergency room and get stitches. N.M. further testified that, after the full order of protection based upon this incident expired, Martin's actions of going into their office building's elevator with her and calling her a "cunt," his making offensive gestures to her every time she would pass him on his way to work, and his demanding the keys to the home she shares with their child made her feel threatened by him and fearful of him.[4]

N.M.'s testimony and evidence demonstrated that Martin purposely or knowingly caused physical harm to her with a deadly weapon in 2014.[5] After the first full order of protection against him based upon this incident expired, his

---

[4] The 2014 knife incident could not be used as the basis for the current full order of protection because it was used as the basis for the prior full order of protection that had expired without renewal. However, the knife incident was relevant to show why N.M. was reasonable in her fear of Martin based on Martin's current actions.

[5] Martin argues that the 2014 knife incident was proven to be a "false accusation" because, after the State charged him with second-degree domestic assault, the State filed a nolle prosequi dismissing the charge. Martin contends the dismissal demonstrates his innocence. We disagree. N.M. testified that the State dropped the criminal charge at her request because she did not want Martin to go to jail. Moreover, that the State decided not to pursue proving, beyond a reasonable doubt, a criminal charge based upon the incident did not foreclose the court from determining in this adult abuse action that N.M. proved, by a preponderance of the evidence, that the incident occurred and provided a reasonable basis for his subsequent actions to cause her fear.

subsequent conduct of purposely going into their office building's elevator with her and calling her a lewd name, his making offensive gestures to her every time he saw her, and his demanding the keys to her home, even though he did not live there anymore, could reasonably be construed as knowingly placing or attempting to place her in fear of physical harm. *See Cuda v. Keller*, 236 S.W.3d 87, 90 (Mo. App. 2007). This evidence was sufficient to support the court's entry of the full order of protection. *See id*.

Martin argues that his text messages and contacts with N.M. were simply innocuous attempts to communicate with her about their child's well-being and about his personal property that remained in her possession. The court was not required to believe him. *Skovira*, 369 S.W.3d at 781-82. We must defer to the circuit court's decision to accept N.M.'s testimony over Martin's. *Id*. Point I is denied.

In Point II, Martin contends the circuit court erred in failing to award him damages on his counterclaim. In response to N.M.'s petition for an adult order of protection, Martin filed a counterclaim asking the court to award him $4,902.23 in damages "for legal expenses, personal stress and lost time at work" he allegedly suffered as a result of N.M.'s "false claims" against him. The court entered the full order of protection but did not rule on the counterclaim. Martin asserts that it was error for the court not to award him his requested damages or to at least issue a ruling on his counterclaim.

6

Martin's claim for damages was not a proper counterclaim in N.M.'s adult abuse action. "The legislature created the specific right of action for adult abuse and may condition the right as it sees fit." *Kennedy v. Kennedy*, 924 S.W.2d 579, 580 (Mo. App. 1996). Pursuant to Section 455.070, RSMo 2000, "All proceedings under sections 455.010 to 455.085 are independent of any proceedings for dissolution of marriage, legal separation, separate maintenance and other actions between the parties and are in addition to any other available civil or criminal remedies, unless otherwise specifically provided herein." Thus, in *Kennedy*, 924 S.W.2d at 579-80, the court found that the circuit court properly dismissed a husband's counterclaim for dissolution of marriage that was filed in response to his wife's adult abuse act petition against him.

In this case, Martin's counterclaim for damages was an "other action" between the parties that could not be part of the adult abuse case under Section 455.070. Therefore, the only proper course of action for the circuit court to have taken would have been to dismiss the counterclaim. Pursuant to Rule 84.14, we may issue the ruling that the circuit court should have entered. Accordingly, we dismiss Martin's counterclaim for damages. Point II is denied.

## CONCLUSION

The judgment granting N.M. a full order of protection against Martin is affirmed. Martin's counterclaim for damages is dismissed.

                                          _____

LISA WHITE HARDWICK, JUDGE

ALL CONCUR.