

## Missouri Court of Appeals
### Southern District
### Division Two

WILLIAM C. WOODARD, )
          )
       Respondent, )
          ) No. SD37047
vs. )
          ) Filed: May 5, 2022
STEVEN W. CONDE, )
          )
       Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable H. Mark Preyer, Judge

**<u>AFFIRMED</u>**

A full order of child protection, effective for one year, was entered by the circuit court against Steven W. Conde ("Appellant") under the Child Protection Orders Act, s*ee* sections 455.500 *et seq.*[1] Appellant did not appeal that order. William C. Woodard, the petitioner who sought the initial order, timely filed a motion to renew the full order of child protection and, after an evidentiary hearing, the circuit court entered its judgment renewing the full order of child protection for another year.[2] Appellant timely appeals the renewal judgment and raises one point relied on claiming there is no substantial evidence in the record "upon which the trial court could

---

[1] All statutory references are to RSMo (2016) unless indicated otherwise.
[2] Even though the second full order of protection has expired, the public interest exception to the mootness doctrine applies, so the expiration of the order does not moot this appeal. Section 455.007; ***K.L.M. v. B.A.G.***, 532 S.W.3d 706, 709-10 (Mo.App. 2017).

have reasonably found that expiration of the Full Order of Child Protection … would place the child … in imminent present danger of abuse." Because this claim has no merit, we affirm.

## Standard of Review

We will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Ivie v. Smith*, 439 S.W.3d 189, 198-99 (Mo. banc 2014) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). "'It is appellant's burden (as the moving party) to overcome our presumption that the judgment of the trial court is correct.'" *D.D.W. v. M.F.A.*, 594 S.W.3d 274, 279 (Mo.App. 2020) (quoting *TracFone Wireless v. City of Springfield*, 557 S.W.3d 439, 445 (Mo.App. 2018)).

## Analysis

*Houston v. Crider*, 317 S.W.3d 178 (Mo.App. 2010), describes and discusses appellate challenges to the evidentiary basis of a circuit court's judgment and, in that context, the analytical framework for a cogent not-supported-by-substantial-evidence challenge in three sequential steps and an against-the-weight-of-the-evidence challenge in four sequential steps. *Id.* at 186-87. The first step in both requires that an appellant "identify a challenged factual proposition, the existence of which is necessary to sustain the judgment[.]" *Id.* at 187. This step is logically first in the sequence and is dispositive of the evidentiary challenge if the existence of the identified challenged factual proposition is *not* necessary to sustain the judgment. In that circumstance, this Court's consideration of the challenged factual proposition's evidentiary basis has no bearing upon or relevance to the judgment's evidentiary basis and, therefore, is outside the purview of our standard of review. *See Ivie*, 439 S.W.3d at 198-99 (circuit court *judgment* will be affirmed on appeal unless there is no substantial evidence to support the *judgment*, the

2

*judgment* is against the weight of the evidence, or the *judgment* erroneously declares or applies the law).

Here, Appellant identifies and challenges, as not supported by substantial evidence, the factual proposition that the expiration of the full order of child protection would place the child in imminent present danger of abuse. The first issue for decision in this appeal is whether the existence of that factual proposition is necessary to sustain the renewal judgment. We determine that it is not and that determination is dispositive of Appellant's point and this appeal.

Although not cited, addressed, or even mentioned in Appellant's brief, we begin with the applicable statutory provisions in section 455.516.1, which provide, in relevant part:

> Upon motion by either party, … and after a hearing by the court, the full order of protection **may** be renewed for a period of time the court deems appropriate, except that the protective order shall be valid for at least one hundred eighty days and not more than one year from the expiration date of the originally issued full order of protection…. For purposes of this subsection, a finding by the court of a subsequent act of abuse is not required for a renewal order of protection.

(Emphasis added.) In exercising its expressly granted discretion to renew the originally issued full order of child protection, nothing in this statute requires the circuit court to find that expiration of the original full order of child protection would place the child in imminent present danger of abuse. Moreover, Appellant cites to no other statute that requires such a finding for renewal of a full order of child protection.

Similarly, Appellant cites to no case law that requires the circuit court to make such a finding for renewal of a full order of child protection, conceding that he had not found any. Our *ex gratia* independent research found none.

Rather, Appellant argues that "[g]iven the very similar nature of the remedies (in the form of injunctive relief) provided under both the Adult Abuse and Child Protection Acts, the

case law relating to *renewal* of Adult Abuse orders should be equally applicable to proceedings for *renewal* of Child Protection orders." This argument fails for two reasons.

First, Appellant cites us to ***McAlister v. Strohmeyer***, 395 S.W.3d 546, 551 (Mo.App. 2013), and ***Doza v. Kitcher***, 987 S.W.2d 826 (Mo.App. 1999), as purported legal authority for the proposition that renewal of a full order of adult protection under section 455.040.1 requires a finding that the expiration of the order will place petitioner in an immediate or imminent and present danger of abuse. Neither case so held.

In ***McAlister***, McAlister challenged on appeal the circuit court's refusal to issue a full order of adult protection against Strohmeyer. 395 S.W.3d at 548. The undisputed evidence demonstrated that McAlister, after forcing her way inside Strohmeyer's home, initiated the physical encounter by attacking him to which he responded by pointing a gun at her (McAlister's asserted act of abuse by Strohmeyer). *Id.* at 553-54. The ***McAlister*** court held that the plain language of section 455.040.1 requires a circuit court to grant a full order of protection upon proof of an act of abuse, but where respondent demonstrates that his or her actions were justified under the law, a trial court does not err in denying the full order of protection. *Id*. at 556. Because the holding in ***McAlister*** is directed toward issuance of a full order of adult protection, any discussion mentioning *renewal* requirements of a full order of adult protection is *dicta*.

In ***Doza***, Kitcher appealed the circuit court's judgment granting Doza's request for renewal of a full order of adult protection without first holding a hearing. 987 S.W.2d at 826. This Court held that the circuit court committed reversible error in failing to hold a hearing, as *procedurally* required by section 455.040.1, and remanded the case to the circuit court for a hearing. *Id.* at 827. Any discussion in ***Doza*** mentioning *substantive* renewal requirements for a full order of adult protection is *dicta*.

4

Nevertheless, and in any event, we observe that in its brief mention of the substantive renewal requirements for a full order of adult protection, the *McAlister* court cites to and completely relies upon *Capps v. Capps*, 715 S.W.2d 547, 552 (Mo.App. 1986), and *Bandelier v. Bandelier*, 757 S.W.2d 281, 283 (Mo.App. 1988). *McAlister*, 395 S.W.3d at 551. In the same respect, the *Doza* court cites to and completely relies upon *Bandelier*. *Doza*, 987 S.W.2d at 827. Appellant, however, omits from his brief any citation or reference to either *Capps* or *Bandelier* and omits any argument as to how the holding or analysis in either case may apply to or otherwise inform the application of the Child Protection Orders Act or more particularly, the renewal provisions in section 455.516.1. We have *ex gratia* reviewed both *Capps* and *Bandelier* and find nothing in the holding or legal analysis of either case that persuades us to judicially graft into section 455.516.1, as Appellant urges, an invisible and unexpressed renewal requirement for a finding that the expiration of the full order of child protection would place the child in imminent present danger of abuse.

Second, Appellant argues, without any further exposition, that

As Section 455.513 RSMo under the Child Protection Act requires a finding of "an immediate and present danger of domestic violence" for issuance of an ex-parte order of child protection, it follows that a finding of immediate and present danger would be required for renewal of a child protection order, as is the case with renewal of adult abuse orders.

We reject this argument because Appellant has failed to argue, much less demonstrate, that the provisions of either section 455.513 for issuing an ex parte order of child protection or of section 455.516.1 for renewal of a full order of child protection are anything other than clear, plain, and unambiguous. The former explicitly requires a finding of "[a]n immediate and present danger of domestic violence" and the latter clearly, plainly, and unambiguously does not. "There is no need to resort to rules of construction if the [statutory] language is plain and unambiguous.

5

It is not our place to construe the clear and unambiguous language of a statute." ***State v. James***, 605 S.W.3d 132, 134 (Mo.App. 2020) (internal quotation marks and citations omitted).

Appellant has failed to demonstrate that the existence of his challenged factual proposition—the expiration of the full order of protection would place the child in imminent present danger of abuse—is necessary to sustain the renewal judgment. Failing this first step in the analytical framework of a not-supported-by-substantial-evidence challenge to the evidentiary basis of the renewal judgment, *see **Houston***, 317 S.W.3d at 186-87, Appellant's sole point is denied and the circuit court's renewal judgment is affirmed.

GARY W. LYNCH, C.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS