Diane EHRHART, Respondent,

v.

Thomas EHRHART, Appellant.

No. 55673.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 5, 1989.

Gregory Luzecky, St. Louis, for appellant.

Michael Gibbons, St. Louis, for respondent.

PER CURIAM.

Appellant Thomas Ehrhart (husband) appeals from order of protection issued by the circuit court pursuant to RSMo § 455.050 (1986). The order awarded primary custody of the parties' four minor children to respondent Diane Ehrhart (wife), ordered husband to pay $44.00 per child per week child support and ordered husband to pay $300.00 in past due health

insurance payments. Wife was ordered to pay $26.00 per week for the family health insurance. The order further enjoined husband from entering wife's dwelling or otherwise abusing, threatening or disturbing the peace of wife. Husband argues on appeal that the court failed to hold a "hearing" within the meaning of RSMo § 455.040 (1986). We reverse and remand for a new hearing.

Wife filed a petition seeking protection from alleged abuse by husband. The court entered an ex parte order prohibiting husband from abusing, threatening or disturbing the peace of wife. Thereafter the court held a hearing to determine whether a full order of protection should be issued. At the hearing both husband and wife appeared in person and by counsel. At the outset of the hearing, counsel for husband and wife stipulated that the order of protection should be continued as a full order of protection. The court then conducted an inquiry as to custody and child support. The court variously directed questions at counsel and each of the parties. No witnesses were sworn nor was any documentary evidence offered. At the conclusion of the limited inquiry the court entered its order.

Husband argues that the court failed to conduct a hearing within the meaning of RSMo § 455.040 (1986). We agree. Nothing in the record indicates that the witnesses were sworn, no other evidence was offered at the hearing and counsel was not afforded the opportunity to cross-examine witnesses. In short, no adversarial proceeding of any kind occurred in a case which contained a contested issue. We thus hold that there is insufficient evidence in the record to uphold the award. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

We remand to the circuit court to hold an evidentiary hearing, on the record, pursuant to RSMo § 455.040 (1986).