**Lisa GRIST, Respondent,**

v.

**John GRIST, IV, Appellant.**

No. 71941.

Missouri Court of Appeals,
Eastern District,
Division One.

June 10, 1997.

Kimberly Essary, Oliver, Oliver & Waltz, P.C., Cape Giradeau, for appellant.

J. Patrick Winning, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, John Grist, IV ("husband"), appeals the judgment of the Circuit Court of Jefferson County, granting an order of protection to respondent, Lisa Grist ("wife"), which included orders pertaining to child custody and child support. We reverse and remand.

On December 23, 1996, wife filed a petition pursuant to the "Adult Abuse Act" [1] alleging various instances of abuse by husband to herself and to the parties' minor son and requesting the trial court enter both *ex parte* and full orders of protection pursuant to the provisions of the Adult Abuse Act ("the Act"). On the same date, the trial court granted an *ex parte* order of protection, prohibiting husband from entering the parties' dwelling place, awarding wife custody of the parties' son, and ordering husband to pay wife child support. The trial court, in issuing the ex parte order, noted "[t]he court continues the above cause to the date below for good cause[,]" and set the hearing on the full order of protection for January 17, 1997.

On January 17, 1997, the parties and their counsel appeared before the trial court. The court called the hearing to order, swore in both husband and wife, and proceeded to question each of them concerning the petition. Husband's attorney objected to the court's entering any order pertaining to child custody, asserting that the appointment of a guardian ad litem ("GAL") was statutorily mandated when allegations of child abuse exist, and that no GAL had been appointed in the instant case. The trial court overruled husband's objection. At the conclusion of the questioning, the trial court entered a full order of protection, granted custody of son to wife, and ordered husband to pay wife child support. Husband appeals on various grounds.

In his first point on appeal, husband claims the trial court erred in entering the full order of protection on January 17, 1997, as the trial court lost jurisdiction of the matter on January 7 pursuant to RSMo § 455.040. This provision requires a hearing on the petition for an order of protection to be held "[n]ot later than fifteen days after the filing of a petition ... unless the court deems, for good cause shown, that a continuance should be granted." Wife filed her petition on December 23, 1996. The January 17, 1997, hearing was twenty-five days after the filing of the petition. Although the trial court noted the matter had been continued for good cause, husband argues the record does not support the court's action because no pleading for a continuance had been filed, no showing of good cause had been made, and no written finding as to what constituted "good cause" was included in the court's notation.

Even if we were to assume, *arguendo,* the cause was continued erroneously and the hearing resulting in the full order of protection was held beyond the fifteen-day period prescribed by the statute, this delay did not affect the trial court's jurisdiction to enter the order.

It appears from a review of the case law interpreting the Adult Abuse Act that husband raises a novel issue. Accordingly, we turn to case law addressing similar proceedings for guidance. Specifically, we examine the law dealing with the issuance of temporary restraining orders, preliminary injunctions, and permanent injunctions.

Rule 92.02(b) allows a court to grant a temporary restraining order without written or oral notice to the adverse party if the petition satisfies the requirements set forth in the Rule. Such an order is limited to ten days in duration unless an extension is granted for good cause shown or by the adverse party's consent. *Id.* If ten days elapses without a valid extension, the temporary restraining order expires by its own terms. *Id.; see Hemme v. Evans,* 866 S.W.2d 922, 923–24 (Mo.App. E.D.1993).

The purpose of a temporary restraining order is to maintain the status quo of the parties pending the resolution of their claims, which generally involves the issuance or denial of preliminary and permanent injunctions. *See Ballesteros v. Johnson,* 812

1. All statutory references are to RSMo Cum. Supp.1996 unless otherwise noted.

S.W.2d 217, 221 (Mo.App. E.D.1991). If a temporary restraining order expires by its own terms, the trial court, while losing jurisdiction to enter an order dissolving that restraining order, nevertheless retains jurisdiction to hear the action on the merits. *See Furniture Mfg. Corp. v. Joseph,* 900 S.W.2d 642, 646 (Mo.App. W.D.1995)(trial court could not enter effective order dissolving temporary restraining order which had expired on tenth day but could enter valid order denying request for preliminary injunction).

The provisions of the Adult Abuse Act set forth a similar process and serve, in some respects, a similar purpose. Like a temporary restraining order, an *ex parte* order of protection may be issued by a court upon one party's filing a verified petition without prior notice to the party who will be adversely affected. *See* RSMo § 455.020 (1994), RSMo § 455.035, and RSMo § 455.010; *see also State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 231 (Mo.banc 1982). An *ex parte* order is deemed in effect until the hearing on the full order of protection, RSMo § 455.035, which is to occur no later than fifteen days after the filing of the petition unless the hearing, and thereby the *ex parte* order, is continued for good cause shown. RSMo § 455.040.1.

◼ The purpose of the *ex parte* order is to maintain the safety of the petitioner and prevent further acts of abuse until the party against whom the order is entered receives due process. *Marsh,* 626 S.W.2d at 230–31. Accordingly, in order to balance the right of the petitioner to be free from abuse and the right of the adverse party to due process before being deprived of his liberty and property interests, the maximum period of time an *ex parte* order can be effective without either a hearing or a valid continuance is fifteen days. *Id.* at 231; see RSMo §§ 455.020 and 455.040. We conclude that, as with the expiration of temporary restraining orders, the expiration of the *ex parte* order after fifteen days in no way affects the jurisdiction of the trial court to proceed with the hearing on the full order of protection.

A contrary construction would only serve to frustrate the goals of the Adult Abuse Act.

◼ We now address the third, fourth, and fifth points of husband's appeal, which present related issues. As we find these issues dispositive of the appeal, we will address husband's second point last. In his third point, husband contends the trial court erred in entering the full order of protection because the court failed to conduct a hearing within the meaning of RSMo §§ 455.040 and 455.050. In his fourth and fifth points, husband argues that, because the trial court failed to conduct a proper hearing, its entry of the temporary custody order and the full order of protection was based on insufficient evidence. We agree.

At the hearing, the trial court conducted all questioning; if the parties wished to raise an issue, they directed it to the court who would then inquire. The questioning that did take place was limited. Husband was prepared to call two witnesses and had various documents he wished to offer into evidence, but was unable to do either; nor was cross-examination allowed. The hearing in the instant case is substantially similar to that in *Ehrhart v. Ehrhart,* 776 S.W.2d 450, 451 (Mo.App. E.D.1989). As in *Ehrhart,* we find the summary proceeding that took place here failed to constitute an adversarial proceeding. *Id.* Therefore, we find the court erred in entering the full order of protection and attendant orders as they are based on insufficient evidence in the record, and we remand the case to the trial court for a new hearing. *See id.*

◼ We now turn to husband's second point on appeal, concerning his claim the trial court erred in failing to appoint a GAL.[2] Husband, citing RSMo § 452.423.1 (1994), asserts the appointment of a GAL is mandatory in proceedings where child custody is an issue and allegations of child abuse exist.

The statute provides:

In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court

---

2. Although the issue appears to be moot as it pertains to this case on remand, we believe the

issue to be of significance and note it may arise in future cases.

may appoint a guardian ad litem. The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged.

*Id.* In the instant case, though mother brought her action pursuant to the Adult Abuse Act's provisions, the trial court was responsible for determining who should have temporary custody of the parties' son, as well as whether a visitation schedule should be established. RSMo §§ 455.045(3) and 455.050.3(1)-(2). Moreover, wife's petition contained several allegations concerning husband's abuse of son, in addition to her request for custody of the child. These allegations included an incident where husband placed a pillow over the child's face when he was crying, and said he would make the child stop crying, and another incident where husband threw a rocking chair through the windshield of a car while the child was inside the vehicle. Therefore, we conclude the trial court erred in not appointing a GAL to represent the child where custody and visitation were issues to be ruled upon and where mother alleged specific instances of child abuse in her petition. RSMo § 452.423.1; *see Wilkinson v. DeClue,* 890 S.W.2d 774, 776–77 (Mo.App. E.D.1995); *see also,* RSMo § 455.513 (court to appoint GAL to represent a child victim when the court issues an *ex parte* order of protection under Child Protection Orders Act).

The full order of protection and accompanying orders are reversed, and the cause is remanded for a new hearing.

DOWD, P.J., and REINHARD, J., concur.