Joseph N. DOZA, Petitioner–Respondent,

v.

Doris KITCHER, Respondent–Appellant.

No. 22422.

Missouri Court of Appeals,
Southern District,
Division Two.

March 16, 1999.

Kurt L. Hellman, Union, for appellant.

No brief filed for respondent.

KENNETH W. SHRUM, Presiding Judge.

Doris Kitcher (Appellant) appeals from the trial court's judgment granting Joseph N. Doza's (Respondent's) request for renewal of a full order of protection under § 455.040.1 of the Adult Abuse Act.[1] We reverse and remand.

On May 28, 1997, the trial court entered an Adult Abuse Full Order of Protection in favor of Respondent and against Appellant. The order remained in effect through May 27, 1998.

Respondent filed a "Motion for Renewal of Full Order of Protection" on May 27, 1998. On that date, the trial court granted Respondent an ex parte extension of the full order of protection and set "the hearing on this cause . . . at 10:00[A.]M. on June 17, 1998". On June 17, 1998, the case was "[p]assed to June 24, 1998 at 9 A.M."

A docket entry dated June 24, 1998, recites: "Extended Full Order of Protection entered effective June 24, 1999. /s/ J.L.W." This docket entry does not contain any indication that an evidentiary hearing was held on that date.

On that same day, June 24, 1998, Appellant's lawyer filed in the circuit clerk's office a handwritten "Memorandum For Clerk," which states:

---

1. All statutory references herein are to RSMo Cum.Supp.1996 unless otherwise specifically stated.

"Comes now ... [Appellant] Doris Kitcher, by counsel, in open court and ready for hearing personally and by counsel and state[s]:

"1. No hearing has been afforded to [Appellant] upon [Respondent's] Motion For Renewal of Full Order of Protection although [Appellant] is present for the said hearing.

"2. Grounds for renewal do not exist and [Respondent] has adduced no evidence in support of his Motion for Renewal.

"3. An 'Extended Order' renewing the Full Order of Protection was entered by the Court, despite the foregoing."

The foregoing memorandum evoked no response or further action from the trial judge or Respondent. This appeal followed.

█ Appellant's only point relied on charges that the trial court committed reversible error when it entered the extended order of protection without holding a "hearing" within the meaning of § 455.040.1. We agree.

█ In relevant part, § 455.040.1 provides that "[u]pon motion by the petitioner, and *after a hearing* by the court, the second full order of protection may be renewed for an additional period of time the court deems appropriate," but not more than one year. (Emphasis added.) As to the type of "hearing" required by this statute, case law teaches that when a party opposes a request for a full order of protection and wants to offer evidence in opposition, a trial court must hold an "adversarial proceeding" of a type required in any case that contains a "contested issue." *Grist v. Grist,* 946 S.W.2d 780, 782[5] (Mo.App.1997); *Ehrhart v. Ehrhart,* 776 S.W.2d 450, 451 (Mo.App.1989). A trial court commits reversible error if it fails to hold an evidentiary hearing under such circumstances. *Grist,* 946 S.W.2d at 782; *Ehrhart,* 776 S.W.2d at 451. The rationale is that, in a case containing a contested issue, a full order of protection issued summarily and without a hearing is necessarily based on insufficient evidence. *Grist,* 946 S.W.2d at 782[5]; *Ehrhart,* 776 S.W.2d at 451.

█ It is of no consequence that the hearing at issue in both *Grist* and *Ehrhart* is the one required before an *original* full order of protection is issued, whereas the hearing in this case is on a petition for renewal of the original order. As explained in *Bandelier v. Bandelier,* 757 S.W.2d 281 (Mo.App.1988):

"To obtain a renewal of a full order of protection, the petitioner has the burden of proving by a preponderance of the evidence that the expiration of the full order would place the petitioner in an imminent and present danger of abuse. No new acts need be alleged. A renewal of a full order of protection can be based upon the fact that the circumstances which formed the basis for the initial order continue to exist."

*Id.* at 283[3].

Relying on *Grist, Ehrhart,* and *Bandelier,* we hold that the trial court erred in extending the full order of protection, including all attendant orders, because these orders are based on insufficient evidence in the record. Appellant's point relied on is granted.

The judgment extending the full order of protection and the accompanying orders are reversed and the cause is remanded for a hearing.

GARRISON, C.J., and BARNEY, J., Concur.