**John W. RANEY, Appellant,**

v.

**Karen R. RANEY, Respondent.**

**No. WD 60619.**

Missouri Court of Appeals,
Western District.

Submitted Sept. 4, 2002.

Decided Oct. 15, 2002.

Sharlie Pender, Independence, MO, arguing on behalf of appellant.

Respondent arguing pro se.

Before HAROLD L. LOWENSTEIN, P.J., JAMES M. SMART, JR., and THOMAS H. NEWTON, JJ.

JAMES M. SMART, JR., Judge.

John W. Raney appeals the trial court's order granting a full order of protection, pursuant to the Adult Abuse Act (§§ 455.010–455.085 et seq., RSMo 2000) in favor of Karen R. Raney.

### Statement of Facts

On October 2, 2001, Karen Raney ("Wife"), filed a petition for an *ex parte* order of protection against John W. Raney ("Husband"). Wife alleged in the petition

---

that an argument between the two ensued while she was driving a vehicle the previous evening and that Husband "intentionally physically injured" her, "attempted to physically injure" her, "harassed" her, and "placed [her] in apprehension" by the following acts: "[T]ook my purse and wallet to take credit cards and checkbook ... grabbed my right arm and pushed me away. Then placed van in neutral while I was driving down street.... Called on October 2, 2001, and ... threatened to get nasty if I filed for order of protection or had him arrested."

Wife also alleged in the petition that Husband has abused/stalked her before, in the following ways: "Physical—pushing, choking; Verbal—cussing, yelling, screaming; and Emotional—control games making me account for where I've been at all times, belittling." Wife submitted evidence of her injuries, consisting of a hospital report and two photographs, attached to her petition and marked "Exhibit B." Wife also requested primary custody of the three minor children residing in the home, and asked for child support by marking the appropriate boxes on the petition form.

The court granted Wife's request for an *ex parte* order of protection that same day and scheduled a hearing within fifteen days in order to determine whether a full order of protection should be issued.

A hearing on Wife's petition was held on October 15, 2001. Present at the hearing were Wife, Husband, and Husband's attorney. At the outset of the hearing, Husband's attorney stated that the parties had reached an agreement under which Husband would voluntarily move out of the parties' residence, with the parties' pastor overseeing the move. Whereupon the court stated: "So we'll enter you an order of protection." Husband's attorney then denied the allegations contained within Wife's petition. After questioning Wife as to whether an order of protection was what she was seeking, the court again stated: "I'll issue an order for her. That's what she wants." Husband's attorney again stated, "He's denying it, so ....", but was interrupted when the court asked about the children.

The court immediately turned its attention to the children. Wife testified that she was asking for child support for two of her three children. Wife acknowledged that she was currently receiving child support for the oldest child pursuant to a prior dissolution order. Wife testified that she and Husband had married on October 19, 1995, and that all children were born prior to the marriage. Husband twice denied being the father of any of the children. Wife submitted, as evidence of his paternity, copies of birth certificates of the two youngest children. The certificates named Husband as the father. The court stated that it would order custody to the Wife and would give Husband thirty days to submit to a paternity test and get the results back to him or to the divorce court.

The court allowed Husband to remove his belongings from the home under the supervision of the pastor, but no further testimony or evidence was presented. The court entered judgment granting Wife a full order of protection, ordering Husband to undergo paternity testing within thirty days, and allowing Husband to get his personal belongings. Husband appeals.

### Standard of Review.

As with all judge-tried cases, this court will sustain the trial court's order unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law, pursuant to *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Wallace v. Van Pelt*, 969 S.W.2d 380, 382 (Mo.App.1998).

## Failure to Hold a "Hearing"

In his first point, Husband contends that the court erred in issuing a full order of protection because the court erroneously applied the law by failing to hold an "adversarial proceeding," in that the Adult Abuse Act, § 455.040.1 RSMo 2000, requires the petitioner to prove the allegations of abuse at a hearing, and no "hearing," within the meaning of the statute, was held in this case.

Husband points out that pursuant to § 455.040.1,[1] after an *ex parte* order of protection is granted, a hearing must be scheduled within fifteen days in order to determine whether a full order of protection (and attendant relief) should issue. Pursuant to the statute, a full order of protection shall issue if, at that hearing, the petitioner proves the allegations of abuse by a preponderance of the evidence. § 455.040.1. In *Grist v. Grist*, 946 S.W.2d 780, 782 (Mo.App.1997), the court discussed the "due process" purpose behind the requirement that a hearing be conducted after an *ex parte* order is issued:

> The purpose of the *ex parte* order is to maintain the safety of the petitioner and prevent further acts of abuse until the party against whom the order is entered receives due process. Accordingly, in order to balance the right of the petitioner to be free from abuse and the right of the adverse party to due process before being deprived of his liberty and property interests, the maximum period of time an *ex parte* order can be effective without either a hearing or a valid continuance is fifteen days.

(citations omitted).

Here, a hearing was scheduled for October 15, 2001, and on that date, the Wife, Husband, and Husband's attorney appeared before the court for the purpose of conducting the hearing. The following excerpt from the transcript is the sum and substance of the "hearing" up to the point at which the court pronounced that the order would be granted and then immediately directed its attention to the matter of the children's support:

> (October 15, 2001)
>
> THE CLERK: Karen Raney, John Raney.
>
> [COURT]: Karen Raney, John Raney.
>
> MR. PENDER [attorney for Husband]: Petitioner appears in person. Respondent appears in person, and I am—
>
> [COURT]: You're representing who?
>
> MR. PENDER: Respondent, Mr. Raney.
>
> [COURT]: You're representing Mr. Raney?
>
> MR. PENDER: Yes. But prior to having this hearing, Your Honor—
>
> [COURT]: Huh?
>
> MR. PENDER: Depending on what might happen here on—when people testify, the parties have agreed Mr. Raney will voluntarily remove himself from the residence, and the parties have agreed that their pastor—or Reverend Messner

---

1. That section reads in pertinent part:

   Not later than fifteen days after the filing of a petition pursuant to sections 455.010 to 455.085 a hearing shall be held unless the court deems, for good cause shown, that a continuance should be granted. At the hearing, *if the petitioner has proved the allegation of abuse or stalking by a preponderance of the evidence,* the court shall issue a full order of protection for a period of time the court deems appropriate, except that the protective order shall be valid for at least one hundred eighty days and not more than one year.

   \* \* \*

   § 455.040.1, RSMo 2000 (emphasis added).

will be a witness when he gets his stuff out—that she's willing to get his stuff out. So—

[COURT]: So we'll enter you an order of protection.

MR. PENDER: Well, no. He's denying. I'm saying when we have a hearing, if things get heated, I don't want them to change their mind. That much is agreed on. He's denying the allegations. He doesn't want the order entered. And if he prevails, he's still going to voluntarily remove his things, and Reverend Messner is going to be the witness.

[COURT]: Do you want an order of protection?

MS. RANEY: Yes, sir.

MR. PENDER: That's what I said.

[COURT]: Huh?

MR. PENDER: Yes, she does. So even if we prevail, which I think we will, this is—the agreement has been reached so we don't have any changes later and she says, no, because of what he says or something like that.

[COURT]: Well—

MR. PENDER: She's also filed a—

[COURT]: I'll issue an order for her. That's what she wants.

MR. PENDER: I understand that. He's denying it, so—

[COURT]: Do you have three children?

\* \* \*

At this point, the court directed its attention to the matter of the children, the child support and the paternity issue. The rest of the "hearing" dealt with these sub-

jects and the issue of Husband being allowed to remove his belongings from the residence. Husband was not given the opportunity to present evidence or cross-examine witnesses. Although Husband's attorney could have been more forceful about demanding a hearing, there was no waiver of the right to a hearing shown on the record.

In *Grist,* the trial court conducted a very summary proceeding, with the court asking some questions, but with no opportunity for the respondent to cross-examine or present evidence. 946 S.W.2d at 781. The court held that the proceedings before the lower court did not amount to a hearing within the meaning of the statute. The *Grist* court observed that

[a]t the hearing, the trial court conducted all questioning; if the parties wished to raise an issue, they directed it to the court who would then inquire. The questioning that did take place was limited. Husband was prepared to call two witnesses and had various documents he wished to offer into evidence, but was unable to do either; nor was cross-examination allowed.

*Id.* at 782. The court concluded that the "summary proceeding that took place here failed to constitute an adversarial proceeding." *Id.* The *Grist* court found that the full order of protection was issued in error because it was based upon insufficient evidence in the record. The case was remanded to the trial court for a new hearing. *Id.*[2]

The parties in this case appeared before the court for the purpose of a hearing, but it cannot be said that what ensued quali-

---

**2.** The court in *Grist* relied upon *Ehrhart v. Ehrhart,* 776 S.W.2d 450 (Mo.App.1989). In *Ehrhart,* the parties stipulated that the order of protection should be continued as a full order of protection. It is not clear why the court in *Ehrhart* believed parties could not stipulate away their right to an adversarial hearing. In any event, here there was no stipulation or waiver of hearing.

fied as a hearing within the meaning of the statute or that the respondent was afforded due process. The trial court conducted all the questioning, which was cursory. No witnesses were sworn prior to the court's ruling that the full order would be granted; no other evidence was offered at the hearing; and counsel for Husband was unable to call witnesses, to present documents, or to cross-examine witnesses. Thus, the proceedings in this case could not be termed an *adversarial proceeding*. It cannot be said that Wife proved her allegations of abuse by a preponderance of the evidence. Therefore, the court had no authority to issue the full order of protection against Husband.

The full order of protection is therefore reversed and the cause remanded for a new hearing within the meaning of the statute.

## Paternity Testing

In his second point, Husband asserts that the trial court erred in ordering Husband to undergo paternity testing. Husband argues such an order exceeds the authority granted to the court in the Adult Abuse Act.

Because we have determined that the proceedings did not constitute a hearing within the meaning of the statute, we need not determine whether paternity testing is authorized under the Adult Abuse Act. Our reversal of the full order of protection includes reversal of the related orders. *Grist*, 946 S.W.2d at 783.

We reverse the granting of the full order of protection and attendant orders and remand to the trial court.

---

**3.** The court should first determine whether the matter is now moot because of circumstances. Also, because the statute specifies a time limit for the effectiveness of any such order of protection and contemplates that the

## Conclusion

The trial court erred in entering the full order of protection without conducting a hearing within the meaning of the statute. The full order of protection and attendant orders are reversed. On remand, the trial court should determine whether it now has jurisdiction to conduct a hearing.[3] If it does not have jurisdiction, the court shall dismiss the proceeding.

LOWENSTEIN and NEWTON, JJ., concur.

matter will proceed expeditiously, the trial court must consider whether it would be consistent with the intent of the statute to proceed further on the original petition at this time.