**MIDWEST GRAIN & BARGE COMPANY, Respondent,**

v.

**Bill POEPPELMEYER d/b/a B & B Farms, Appellant.**

**No. ED 91930.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 13, 2009.

---

Russell D. Oliver, Bloomfield, MO, for appellant.

Charles S. Kramer, Clayton, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Bill Poeppelmeyer (Defendant) appeals from the judgment entered by Circuit Court of Cape Girardeau County in favor of Midwest Grain & Barge Co. (Plaintiff). Defendant claims that the trial court erred in: (1) entering judgment for Plaintiff without giving him adequate notice and a meaningful opportunity to be heard in violation of his due process rights under the U.S. Constitution's Fourteenth Amendment, and (2) denying his motion to set aside the judgment as irregular. We reverse and remand.

### Background

On August 6, 2007, Plaintiff filed a petition against Defendant for damages arising from Defendant's alleged breach of the parties' commodities contract for the sale and purchase of wheat. Defendant allegedly repudiated the contract by informing Plaintiff that he would not be able to deliver the wheat as promised, forcing Plaintiff to purchase more expensive wheat from another seller. In its petition, Plaintiff prayed for damages caused by Defendant's alleged breach and for attorneys' fees as permitted under the parties' contract. Defendant, after filing several pre-answer motions, timely filed his answer to Plaintiff's petition on March 13, 2008.

On July 14, 2008, counsel for both Plaintiff and Defendant appeared before the trial court for a scheduled case review. At the hearing, the trial court granted Defendant's counsel's motion to withdraw and allowed Defendant thirty days to obtain

new counsel. The trial court also scheduled a new case review for August 4, 2008. On July 15, 2008, the trial court mailed Defendant notice of the order allowing Defendant's attorney to withdraw and of the scheduled August 4 case review.

At the August 4 case review, Defendant failed to appear. With only Plaintiff's counsel in attendance, the trial court rescheduled the case review for August 18, 2008. The trial court did not send Defendant notice of the August 18 case review.

On August 18, Plaintiff's counsel appeared before the trial court and submitted a proposed judgment as well as affidavits supporting damages and attorneys' fees. Without Defendant or his counsel present, the trial court entered judgment against Defendant awarding Plaintiff $60,029.13 in damages, prejudgment interest, and attorneys' fees. The judgment stated that "[t]his matter is before the Court in response to the failure of [Defendant] to comply with this Court's July 14, 2008 Order to appear before it either in person or by counsel, on August 4, 2008."

Thereafter, Defendant filed a motion to set aside the judgment pursuant to Rule 74.05 and Rule 74.06, which the trial court denied. This appeal follows.

## Standard of Review

This court will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Discussion

■ In his first point, Defendant contends that the trial court erred in entering judgment at the August 18 case review because it failed to provide him with adequate notice and a meaningful opportunity to be heard in violation of his due process rights under the U.S. Constitution's Fourteenth Amendment. Specifically, Defendant claims that because he was not in default and the trial court failed to notify him of the August 18 case review, he is entitled to have the judgment set aside.

■ Defendant relies on Missouri cases holding that "[c]onstitutional due process requires that for a judgment entered against a party not in default to be valid, there must have been notice of the trial setting and an opportunity to be heard must have been granted at a meaningful time and in a meaningful manner." *Breckenridge Material Co. v. Enloe*, 194 S.W.3d 915, 921 (Mo.App. E.D.2006); *see also Fields v. Gibson*, 840 S.W.2d 884, 886 (Mo. App. W.D.1992); *Irving v. Brannock*, 756 S.W.2d 585, 586–87 (Mo.App. W.D.1988). A party not in default who does not receive formal written notice of a trial setting is entitled to a new trial or to have the judgment set aside. *Enloe*, 194 S.W.3d at 921. Both parties agree that Defendant timely filed responsive pleadings to Plaintiff's petition and therefore was not in default. *See* Rule 74.05; *Cramer v. Carver*, 125 S.W.3d 373, 376 (Mo.App. W.D. 2004) (noting that it is a party's failure to file responsive pleadings that causes default, not the party's failure to appear at court). Because Defendant was not in default, and because the trial court entered judgment at the August 18 case review, Defendant was entitled to notice of the case review.[1]

■ Plaintiff contends that Defendant's reliance upon the above-cited cases is mis-

---

1. We note that Rule 74.03 also required the trial court to send Defendant written notice of the August 18 case review.

placed because they involved a court's failure to provide notice of a "trial setting" and here "the instant case was never set for trial." A party's due process rights, however, are not limited to notice of trial settings. Considering the issue of notice, our supreme court in *Hoppe v. St. Louis Public Service Co.* observed:

> In our system of jurisprudence reasonable notice to a litigant (*when there exists even the possibility of action adverse to his interests* ) is deemed to be of the essence of fairness and justice. Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power. Opportunity for a litigant to present his views as to the matters instantly before the court which may affect his rights is the very foundation stone of our procedure.

361 Mo. 402, 235 S.W.2d 347, 350 (Mo. banc 1950) (parenthetical in the original) (emphasis added). Although the August 18 case review was not designated a "trial setting", the trial court accepted evidence from Plaintiff and rendered a judgment on all of Plaintiff's claims against Defendant. Clearly the August 18 case review adversely affected Defendant's rights, and therefore the trial court was required to provide Defendant notice of it.

Plaintiff also claims that Defendant cannot complain about a "lack of notice" because "[a] party has a duty to keep abreast of all proceedings in a case from service of original process until final judgment", citing *Owens v. Vesely*, 620 S.W.2d 430, 433 (Mo.App. S.D.1981) (citation omitted). Subsequent Missouri cases, however, have cast substantial doubt on the vitality of *Owens* to the extent it implies that a party's duty to keep informed of a case's status trumps the party's due process right to notice. *See Eastin v. Franklin*, 806 S.W.2d 57, 62–63 (Mo.App. S.D.1991);

*Irving v. Brannock*, 756 S.W.2d 585, 586 (Mo.App. W.D.1988). Declining to apply *Owens*, these courts have reaffirmed the principle that when a trial court fails to provide a party with notice of the trial setting, the party is denied due process of law. *Eastin*, 806 S.W.2d at 62–63; *Irving*, 756 S.W.2d at 586–87. Consistent with these cases, we conclude that Defendant's failure to keep informed of the status of the case did not relieve the trial court of its obligation to notify Defendant of the August 18 case review before entering a judgment against him on that date.

Finally, Plaintiff argues that the August 18 judgment should be affirmed because the trial court, exercising its inherent authority to control its docket and the progress of the litigation, acted within its discretion when entering the judgment against Defendant as a sanction for his failure to appear at the August 4 case review. Plaintiff's argument is misplaced because Defendant has not challenged the trial court's discretion or authority to enter a judgment as a sanction. Rather, the issue on appeal is whether the manner in which the trial court entered its judgment comports with the requirements of due process.

Faced with a similar issue, our supreme court in *Hoppe* distinguished between a trial court's *power* to render a judgment and the procedural *manner* in which the court must enter the judgment. 235 S.W.2d at 405. There, the appellant challenged the trial court's order vacating a judgment entered after a jury verdict and ordering a new trial because the trial court had entered the order on its own initiative without providing the parties notice or a hearing. *Id.* at 403. The *Hoppe* Court held that while a trial court has the power to order the vacation of a judgment on its own initiative, the trial court must exercise its power in a manner that affords the

parties due process of law. *Id.* at 406. Because the trial court in *Hoppe* entered its order without providing the parties notice and a hearing, the trial court unlawfully exercised its power in a manner that deprived the parties of due process. *Id.* at 407–08. Likewise, in this case, even assuming it was within the trial court's power to enter a judgment against Defendant as a sanction, the trial court was required to exercise its power in a manner that afforded Defendant due process. Because the trial court's failure to provide notice to Defendant of the August 18 case review violated Defendant's right to due process, the August 18, 2008 judgment must be set aside.[2]

### Conclusion

We reverse the judgment and remand the case to the trial court with instructions to set aside the August 18, 2008 judgment and for further proceedings consistent with this opinion.

SHERRI B. SULLIVAN, P.J., ROBERT G. DOWD, JR. and PATRICIA L. COHEN, JJ., Concur.

**2.** Given the disposition of point one, we need not reach point two.