In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

E.H., ) No. ED109097
 )
 Respondent, ) Appeal from the Circuit Court
 ) of St. Louis County
 vs. ) 20SL-PN01099
 )
A.I., ) Honorable Bruce F. Hilton
 )
 Appellant. ) Filed: April 27, 2021

 A.I. (“Appellant”) appeals the judgment of the trial court granting E.H. (“Respondent”) a

full order of protection against Appellant. On appeal, Appellant argues the trial court’s judgment

is erroneous because Appellant’s procedural due process rights were violated in that he was not

given the opportunity to be heard in a meaningful manner at the hearing on the full order of

protection. Because we agree, we reverse and remand.

 I. BACKGROUND

 On March 12, 2020, Respondent filed a petition for an order of protection against

Appellant on the basis of stalking. On that same date, the trial court granted Respondent an ex

parte order of protection against Appellant. After multiple continuances, the trial court held a

hearing on June 11 to determine whether to enter a full order of protection.
A. Relevant Portions of the June 11 Hearing

 Appellant and Respondent both appeared pro se at the June 11 hearing, and they were

both sworn in as witnesses. Upon questioning from the trial court, Appellant affirmed he did not

want to enter into a consent order and instead wanted to have a full hearing.

 Then, over the course of approximately five pages of the transcript, the trial court

questioned Respondent about the allegations in her petition for an order of protection, and

Respondent testified as follows. Appellant and Respondent were next-door neighbors, and

Appellant alleged Respondent repeatedly stalked her. Respondent specifically asserted there was

an incident on February 25, 2020, where she drove home from work and saw Appellant in the

middle of the road taking pictures of her home, which caused Respondent to call the police

because she “felt kind of threatened.” Respondent also alleged Appellant pointed his camera

towards Respondent and her grandchildren on multiple occasions; “[Appellant’s] camera [was]

always focused [on] [Respondent’s] yard”; and Respondent “fe[lt] like [she’s] always being

stared at” by Appellant. Additionally, Respondent testified Appellant’s behavior made her

fearful; exacerbated her pre-existing medical condition of COPD; and caused her to have a hard

time breathing.

 After the trial court finished questioning Respondent about the stalking allegations in her

petition for an order of protection, the following occurred on the record.

 [The court]: [Appellant], cross-examination?

 [Appellant]: Sorry, sir?

 [The court]: Cross-examination?

 CROSS EXAMINATION BY [Appellant:]

 [Appellant]: Umm, on 2/25/20 you state that I blocked you on the road.
 Where was I standing and how far is it from that point to
 where you turn into your driveway to park?

 2
 [Respondent]: Should I answer that? Okay, you were standing directly,
 right in front of the mailbox, and you were standing almost
 on the yellow line of the road, so it was hard for me to get
 into the driveway.
 (Pause.)

 [The court]: Any other questions?

 [Appellant]: No.

 [The court]: Anything else on behalf of [Respondent]?

 [Respondent]: Umm, let me look here real quick [sic]. I just feel -- What I
 feel is that they team up on my husband is basically how I
 feel [sic] and by doing that they are ornery.

 The trial court then made several findings on the record during the hearing, including that

Respondent met her burden of proof in demonstrating the acts of Appellant “serve[d] no

legitimate purpose and [we]re designed to stalk, harass, [and] disturb the peace of

[Respondent]”; “the course of conduct by [Appellant] [wa]s designed to cause [Respondent] fear

and apprehension”; and “the testimony of [Respondent] [is] credible with respect to the behavior

exacerbating the [Respondent’s] health and COPD.”

 In sum, the transcript of the hearing demonstrates both parties were pro se; both parties

were sworn in as witnesses; there was no waiver of Appellant’s right to a hearing shown on the

record; the trial court questioned Respondent about her stalking allegations over the course of

approximately five pages of transcript; the trial court gave Appellant the opportunity to cross-

examine Respondent and Appellant asked Respondent one question; the trial court did not

question Appellant about Respondent’s stalking allegations in any respect; and the trial court did

not give Respondent the opportunity to present any evidence on his own behalf.

 3
B. Relevant Procedural Posture

 Following the hearing, the trial court entered a judgment granting Respondent a full order

of protection against Appellant, finding Respondent sufficiently proved her allegations of

stalking against Appellant. This appeal followed.

 II. DISCUSSION

 In Appellant’s second point on appeal, he asserts the trial court’s judgment is erroneous

because Appellant’s procedural due process rights were violated in that he was not given the

opportunity to be heard in a meaningful manner at the hearing on the full order of protection.

For the reasons discussed below, we agree.1

A. Standard of Review and General Law

 This Court reviews a judgment entering a full order of protection the same as any court-

tried case. T.R.P. v. B.B., 553 S.W.3d 398, 402 (Mo. App. E.D. 2018). Accordingly, we will

affirm the trial court’s decision unless it is not supported by substantial evidence, it is against the

weight of the evidence, it erroneously declares the law, or it erroneously applies the law. Id.

 “Procedural due process requires [notice and] the opportunity to be heard at a meaningful

time and in a meaningful manner.” See Colyer v. State Bd. of Registration For Healing Arts, 257

S.W.3d 139, 144 (Mo. App. W.D. 2008) (similarly finding regarding the opportunity to be

heard); see also Moore v. Board of Educ. of Fulton Public School No. 58, 836 S.W.2d 943, 947

(Mo. banc 1992) (similarly finding regarding notice and the opportunity to be heard). These

procedural due process rights apply to a hearing on a full order of protection. See State ex rel.

Williams v. Marsh, 626 S.W.2d 223, 229-30, 233 (Mo. banc 1982); see also section 455.040.1

1
 Appellant raises a total of two points on appeal. Appellant’s first point on appeal asserts the trial court’s judgment
granting Respondent a full order of protection against Appellant is erroneous because there was insufficient
evidence of “stalking” as defined in the Missouri Adult Abuse Act; however, because Appellant’s second point on
appeal is dispositive, we do not reach Appellant’s sufficiency-of-the-evidence arguments in his first point on appeal.
 4
RSMo 20162 (providing in relevant part that “a hearing shall be held” before a court may “issue

a full order of protection”); section 455.010(8) (defining “[f]ull order of protection” as “an order

of protection issued after a hearing on the record where the [underlying] respondent has received

notice of the proceedings and has had an opportunity to be heard”) (emphasis omitted)).

B. Appellant’s Argument and Analysis

 In this case, Appellant argues his procedural due process rights were violated in that he

was not given the opportunity to be heard in a meaningful manner at the hearing on the full order

of protection. In support of this argument, Appellant primarily relies on two cases, both of

which this Court finds instructive: Raney v. Raney, 86 S.W.3d 484 (Mo. App. W.D. 2002) and

Grist v. Grist, 946 S.W.2d 780 (Mo. App. E.D. 1997).

 In Raney, the underlying respondent appeared with his attorney at a hearing on a full

order of protection. 86 S.W.3d at 485. The respondent’s attorney made an announcement to the

trial court that the respondent denied the allegations contained in the petition for an order of

protection but there was an agreement reached involving the respondent relocating from the

home he shared with the petitioner. Id. Upon hearing the announcement, the trial court

indicated it would issue the full order of protection at the petitioner’s request, and the court

subsequently entered a judgment granting the petitioner a full order of protection. Id. On

appeal, the Western District held the respondent did not receive a meaningful, adversarial

hearing. Id. at 486-88. The Raney Court found that although the respondent’s attorney “could

have been more forceful about demanding a hearing,” the record showed the respondent was not

afforded due process because, inter alia, he “was not given the opportunity to present evidence”

and “there was no waiver of the right to a hearing shown on the record.” Id. at 487-88.

2
 Unless otherwise indicated, all further statutory references are to RSMo 2016.
 5
Accordingly, the Court reversed the judgment granting the petitioner a full order of protection

and remanded the case to the trial court for further proceedings. Id. at 488.

 In Grist, the underlying respondent appeared with his attorney at a hearing on a full order

of protection. 946 S.W.2d at 781. After swearing in both the parties, the trial court questioned

each of the litigants regarding the allegations made in the petitioner’s application for an order of

protection. Id. The trial court conducted all of the questioning of the parties; if the parties

wanted to raise an issue, they directed it to the court who would then inquire. Id. at 782. On

appeal, our Court held the respondent did not receive a meaningful, adversarial hearing because,

inter alia, the respondent was not given the opportunity to present evidence. Id. Accordingly,

this Court reversed the judgment granting the petitioner a full order of protection and remanded

the case to the trial court for further proceedings. Id. at 782, 783.

 The circumstances in this case are similar to those in Raney and Grist. Although

Appellant could have been more forceful about demanding the opportunity to be heard in a

meaningful manner at the hearing, the record shows Appellant was not afforded due process

because, like the underlying respondent in Raney and similar to the underlying respondent in

Grist, Appellant was not given the opportunity to present evidence and there was no waiver of

the right to a hearing shown on the record. See Raney, 86 S.W.3d at 487-88; Grist, 946 S.W.2d

at 782.

 Additionally, “because both parties [in this case] appeared pro se, . . . the trial court had

to take a more active part in the hearing than otherwise would be the case with trial counsel

present” in the form of having “a greater role in the examination of witnesses in the event the

parties fail[ed] to do so.” See Brown v. Yettaw, 116 S.W.3d 733, 736 (Mo. App. S.D. 2003)

(similarly finding). Here, Respondent failed to examine any witnesses and Appellant only

examined Respondent by asking her one question during cross-examination. Although the trial

 6
court took an active part in the hearing by questioning Respondent about her stalking allegations

over the course of approximately five pages of transcript, the trial court failed to examine the

witnesses in a fair and equitable manner because the court did not question Appellant about the

allegations in any respect. In short, Appellant was not given the opportunity to refute

Respondent’s contentions or tell his “side” of the story, with Appellant’s whole case only

constituting the one question he asked during his cross-examination of Respondent. Cf. id. at

737 (finding the appellant received a meaningful, adversarial hearing where, unlike here, “[the]

[a]ppellant presented himself and four other witnesses to refute [the] [r]espondent’s contentions

and tell his ‘side’ of the story”; “[the appellant] elicited approximately [twenty] questions from

his witnesses”; and “between the trial court and his own questioning, [the] [a]ppellant’s case

[took] up almost [seventy] pages of the transcript testimony”) (emphasis omitted).

 Under the aforementioned collective circumstances, we hold Appellant was not given the

opportunity to be heard in a meaningful manner at the hearing on the full order of protection, and

therefore, his procedural due process rights were violated. See State ex rel. Williams, 626

S.W.2d at 229-30, 233; Colyer, 257 S.W.3d at 144; Raney, 86 S.W.3d at 485-88; Grist, 946

S.W.2d at 781-83; see also Moore, 836 S.W.2d at 947; section 455.040.1; section 455.010(8);

Brown, 116 S.W.3d at 736-37. Accordingly, the trial court’s judgment granting Respondent a

full order of protection against Appellant is reversed and the case is remanded to the trial court

for further proceedings. See Raney, 86 S.W.3d at 488 and Grist, 946 S.W.2d at 782, 783 (both

similarly finding).

 On remand, the trial court is instructed to determine whether it now has authority to

conduct a hearing. See Raney, 86 S.W.3d at 488 (similarly finding). In making this

determination, (1) “The court should first determine whether the matter is now moot because of

circumstances” and (2) “[Then,] because [section 455.040.1] specifies a time limit for the

 7
effectiveness of any such order of protection and contemplates that the matter will proceed

expeditiously, the trial court must consider whether it would be consistent with the intent of the

statute to proceed further on the original petition at this time.” Raney, 86 S.W.3d at 486, 488 n.3

(referring to a former version of section 455.040.1); see also section 455.040.1.3 Finally, if the

trial court determines it does not have authority to conduct a hearing, the court shall dismiss the

proceeding. See Raney, 86 S.W.3d at 488 (similarly finding). Appellant’s second point on

appeal is granted.

 III. CONCLUSION

 The trial court’s judgment granting Respondent a full order of protection against

Appellant is reversed, and the case is remanded for further proceedings consistent with this

opinion.

 ROBERT M. CLAYTON III, Judge
Colleen Dolan, P.J., and
Kelly C. Broniec, J., concur.

3
 Section 455.040.1 provides in full:
 Not later than fifteen days after the filing of a petition that meets the requirements
 of section 455.020, a hearing shall be held unless the court deems, for good cause shown, that a
 continuance should be granted. At the hearing, if the petitioner has proved the allegation of
 domestic violence, stalking, or sexual assault by a preponderance of the evidence, and the
 respondent cannot show that his or her actions alleged to constitute abuse were otherwise justified
 under the law, the court shall issue a full order of protection for a period of time the court deems
 appropriate, except that the protective order shall be valid for at least one hundred eighty days and
 not more than one year. Upon motion by the petitioner, and after a hearing by the court, the full
 order of protection may be renewed for a period of time the court deems appropriate, except that
 the protective order shall be valid for at least one hundred eighty days and not more than one year
 from the expiration date of the originally issued full order of protection. The court may, upon
 finding that it is in the best interest of the parties, include a provision that any full order of
 protection for one year shall automatically renew unless the respondent requests a hearing by
 thirty days prior to the expiration of the order. If for good cause a hearing cannot be held on the
 motion to renew or the objection to an automatic renewal of the full order of protection prior to the
 expiration date of the originally issued full order of protection, an ex parte order of protection may
 be issued until a hearing is held on the motion. When an automatic renewal is not authorized, upon
 motion by the petitioner, and after a hearing by the court, the second full order of protection may
 be renewed for an additional period of time the court deems appropriate, except that the protective
 order shall be valid for at least one hundred eighty days and not more than one year. For purposes
 of this subsection, a finding by the court of a subsequent act of domestic violence, stalking, or
 sexual assault is not required for a renewal order of protection.
 8