

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | | |
|---|---|---|---|
| C.B. | ) | No. ED112625 | |
| | ) | | |
| Respondent, | ) | Appeal from the Circuit Court | |
| | ) | of St. Louis County | |
| vs. | ) | Cause No. 23SL-PN00559 | |
| | ) | | |
| G.B., | ) | Honorable Amanda B. McNelly | |
| | ) | | |
| Appellant. | ) | FILED: November 5, 2024 | |

## Opinion

Appellant (Husband)[1] appeals from the circuit court's judgment denying his Rule

74.06(b)[2] motion to set aside the circuit court's judgment awarding a § 455.050[3] full order of

protection to Respondent (Wife).  Husband raises three points on appeal.  First, he alleges the

circuit court abused its discretion in denying his motion to set aside the judgment under Rule

74.06(b)(4)–(5) because it was irregular and/or void due to the court's failure to provide

Husband notice that the date of the § 455.040 hearing on the full order of protection was

continued at Wife's request.  Second, Husband alleges the circuit court erred in denying his

motion to set aside the judgment pursuant to Rule 74.06(b)(1) due to excusable neglect, as

Husband was incarcerated at the time of the entry of the judgment and unable to appear in court

---

[1] Names are redacted pursuant to § 509.520, RSMo. (Cum. Supp. 2023).
[2] All Rule references are to Mo. R. Civ. P. (2023), unless otherwise noted.
[3] All Section references are to RSMo. (2023), unless otherwise noted.

and defend himself against Wife's allegations. In his third and final point, Husband alleges the circuit court erred in denying his motion to set aside the judgment pursuant to Rule 74.06(b)(2) due to Wife's misconduct in failing to inform the circuit court that she was aware Husband was incarcerated and therefore unable to attend the hearing.

We hold that the circuit court erred in denying Husband's motion to set aside the judgment as he was never provided notice of the continuance of the § 455.040 hearing. Given the adversarial nature of a full order of protection hearing, the circuit court's failure to provide notice of the new hearing date violated Husband's procedural due process rights. Consequently, the circuit court's judgment awarding Wife a full order of protection is void, and the circuit court abused its discretion by denying Husband's Rule 74.06(b) motion to set it aside. In so holding, we grant Point One, which is dispositive of the appeal, so we need not reach the merits of Husband's remaining points. Accordingly, we reverse the circuit court's judgment. We remand for the circuit court to continue proceedings by setting a § 455.040 hearing on Wife's petition for a full order of protection with proper notice to all parties.

## Background

The circuit court granted an Ex Parte Order of Protection, which was personally served on Husband, notifying him that a hearing on a full order of protection would be held on February 22, 2023. At Wife's request, the February hearing was continued to March 8, 2023. Husband did not appear at the March hearing, and Wife again requested a continuance. The circuit court entered an order granting the continuance and setting a new hearing date for April 12, 2023. The circuit court faxed a copy of its order to "Ferguson." The fax did not identify the location of "Ferguson" or the intended recipient. There is no evidence in the record that Husband received notice of either continuance.

2

On April 12, 2023, the circuit court held a hearing, which Wife attended. Husband did not appear at the hearing and was incarcerated at the time in the St. Louis County jail. Following the hearing, the circuit court entered a Full Order of Protection. Husband was personally served the Full Order of Protection at the St. Louis County jail on April 13, 2023.

Eight months later, Husband filed a Rule 74.06(b) motion to set aside the Full Order of Protection on the grounds that it was void and/or irregular or because of his excusable neglect and misconduct by Wife. The court circuit denied Husband's motion. Husband subsequently filed a Rule 75.01 motion to vacate, reopen, correct, or modify its order and to denominate its ruling as a judgment for purposes of appeal. The circuit court issued final judgment denying Husband's Rule 75.01 and Rule 74.06(b) motions. This appeal followed.

Standard of Review

A circuit court's "ruling on a Rule 74.06(b) motion is in the nature of an independent proceeding and is appealable." *Bate v. Greenwich Ins. Co.*, 464 S.W.3d 515, 517 (Mo. banc 2015). Whether a judgment should be vacated on jurisdictional grounds under Rule 74.06(b)(4) is a legal issue, which this court reviews *de novo*. *Id.* "Finality of judgments is favored and the concept of void judgment is narrowly restricted." *Id.* "A judgment is void under Rule 74.06(b)(4) if the trial court: (1) lacked subject matter jurisdiction, (2) lacked personal jurisdiction, or (3) entered the judgment in a manner that violated due process." *Id.*

Discussion

## I. Failure to Notify Husband of Hearing Continuances

This appeal is narrowly resolved on the issue of procedural due process rights. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise

3

interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "The fundamental requi[rement] of due process of law is the opportunity to be heard." *Id.* "This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Id.* Missouri courts have further explained that "[c]onstitutional due process requires that for a judgment entered against a party not in default to be valid, there must have been notice of the trial setting and an opportunity to be heard must have been granted at a meaningful time and in a meaningful manner." *Breckenridge Mat. Co. v. Enloe*, 194 S.W.3d 915, 921 (Mo. App. E.D. 2006); *see also Midwest Grain & Barge v. Poeppelmeyer*, 295 S.W.3d 211, 213 (Mo. App. E.D. 2009). A party not in default who does not receive written notice of a hearing setting is entitled to a new hearing or to have the judgment vacated. *Midwest Grain*, 295 S.W.3d at 213.

The Missouri rules of civil procedure protect an individual's due process right to notice:

> Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment. This Rule 74.03 shall not preclude relief under Rule 74.06.

Rule 74.03. Relatedly, Rule 43.01 states in relevant part that each party shall be served with:

> (1) Every pleading subsequent to the original petition;
> (2) Every written motion, other than one that may be heard ex parte; and
> (3) Every written notice, appearance, demand, offer of judgment, order, and similar paper that by statute, court rule, or order is required to be served.

> No service need be made on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons.

4

A circuit court must comply with these rules in order for there to be constitutionally-sufficient notice. *Kerth v. Polestar Ent.*, 325 S.W.3d 373, 380 (Mo. App. E.D. 2010) (citing Rules 43.01, 74.03). A circuit court's failure to give "notice of a proceeding finally adjudicating the parties rights" is a violation that "goes to the heart of due process[.]" *Id.* at 383.

The right to notice for named defendants in civil actions with trial settings applies equally to respondents in other proceedings with adversarial hearings, such as full orders of protection. *See E.H. v. A.I.*, 621 S.W.3d 684, 687 (Mo. App. E.D. 2021) (citing *Raney v. Raney*, 86 S.W.3d 484 (Mo. App. W.D. 2002); *Grist v. Grist*, 946 S.W.2d 780 (Mo. App. E.D. 1997)). The Supreme Court of Missouri has stated:

> In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be of the essence of fairness and justice. Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power. Opportunity for a litigant to present his views as to the matters instantly before the court which may affect his rights is the very foundation stone of our procedure.

*Hoppe v. St. Louis Public Serv. Co.*, 235 S.W.2d 347, 350 (Mo. banc 1950), *as quoted in Midwest Grain*, 295 S.W.3d at 214. In *E.H.*, this Court stated that a respondent to a § 455.050 full order of protection proceeding has the right to appear at the hearing and must be given the opportunity to present evidence against imposing the full order of protection against him unless the record showed clear waiver of that right. *Id.* at 688 (citing *Raney*, 86 S.W.3d at 487–88; *Grist*, 946 S.W.2d at 782). Indeed, Missouri has interpreted § 455.040 governing order of protection hearings as requiring an "adversarial proceeding." *Id.* at 687 (quoting *Raney*, 86 S.W.3d at 487). At the hearing, the petitioner must prove entitlement to the order of protection by the preponderance of the evidence, and the respondent must have a chance to respond. *Raney*, 86 S.W.3d at 487. Regarding the outcome following such a hearing, we note that to invoke the mandates of procedural due process, a petitioner must have been deprived of a

property interest. *Interest of K.A.M.L.,* 644 S.W.3d 14, 22 (Mo. App. E.D. 2022). Section 455.050 lists thirteen potential outcomes impacting a respondent's rights upon the grant of a full order of protection, including property and custody rights. *See* § 455.050.3.

Here as the respondent to Wife's petition for an order of protection, Husband was not required to file a responsive pleading, nor was he at risk of being found in default for failing to appear at the earlier hearing that was continued. *See Breckenridge,* 194 S.W.3d at 921. The circuit court entered a full order of protection against him following the April hearing, which was a final adjudication on Wife's petition. *See id.*; *Kerth,* 325 S.W.3d at 383. The Full Order of Protection against Husband ordered that he not communicate with Wife, enter or stay at the marital residence, and further deprived him of a property interest by requiring him to pay $500 each month to Wife in maintenance. Because Husband was not in default and because the circuit court entered a full order of protection against him following the April hearing that adversely affected his rights, he was entitled to notice of the date of the hearing. *Midwest Gain & Barge,* 295 S.W.3d at 213.

Having established that Husband was entitled to notice of the continuances, we turn now to the procedural due process violation. We find no evidence that Husband was provided notice of the circuit court's orders granting Wife's continuances and setting new hearing dates. Although Husband was personally served with notice of the initial hearing date, the circuit court had the burden under Rules 74.03 and 43.01 to notify Husband of the continuances moving the date of the hearing. While we understand Husband's absence at the initial hearing date may have indicated his intention not to present evidence on his behalf, notice of subsequent hearings is required. The circuit court failed to notify Husband that the hearing was continued. The record shows that the circuit court sent copies of the continuance orders via fax to "Ferguson" but,

6

without more details, such as identifying the place or intended recipient, we cannot find that this was a reasonably-calculated attempt to notify Husband of the upcoming hearing and afford him an opportunity to present his objections to having a full order of protection granted against him.[4] *See Kerth v. Polestar Ent.*, 325 S.W.3d 373, 380 (Mo. App. E.D. 2010) (citing *Mullane*, 339 U.S. at 315). Furthermore, there is no evidence that Wife alternatively provided Husband with notice. "Unless the record establishes that the complaining party was provided notice of a trial setting, we may conclude that the complaining party did not receive notice." *Id.* (quoting *Breckenridge*, 194 S.W.3d at 920).

Wife nevertheless contends that Husband's notice of the initial hearing date was sufficient to avoid running afoul of his procedural due process rights. We disagree. Although a party has a duty to keep abreast of all proceedings in his or her case from original service of process until final judgment, this duty does not trump a party's due process right to notice. *Midwest Grain*, 295 S.W.3d at 214. We conclude that although Husband did not inquire about his case proceeding nor move for a continuance, this did not relieve the circuit court of its fundamental obligation to notify him of the new date for the hearing.

The circuit's due process error in this case rendered the Full Order of Protection void, such that circuit court abused its discretion by not setting it aside under Rule 74.06(b)(4). *See* Rule 74.06(b) (listing a void judgment as one basis on which to justify setting aside a final judgment). A judgment is void "if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or ***acted in a manner inconsistent with due process.***" *K & K Invs., Inc. v. McCoy*, 875 S.W.2d 593, 596 (Mo. App. E.D. 1994) (emphasis added); *see also*

---

[4] Because Husband's Rule 75.01 motion gave the circuit court the opportunity to take judicial notice of his criminal case records in his motion, we know that Husband was not in the custody of the Ferguson Police Department at that time or any other. Husband was arrested on February 8, 2023, and was incarcerated in the St. Louis County jail until he was released on September 11, 2023.

*Bate*, 464 S.W.3d at 517 (noting a judgment is void under Rule 74.06(b)(4) if the trial court entered the judgment in a manner that violated due process). Courts have held judgments void due to lack of notice as it violates procedural due process. *See e.g., Est. of Pittsenbarger*, 136 S.W.3d 558 (Mo. App. W.D. 2004).

Because Husband was not provided notice of the § 455.040 hearing on Wife's petition for a full order of protection, the principles of due process prohibit the court from affecting his rights and interests. *See id.* The judgment is therefore void because the circuit court "act[ed] in a manner inconsistent with due process." *See id.*; *K & K*, 875 S.W.2d at 596. We grant Point One, which is dispositive of the appeal. Accordingly, we reverse the circuit court's judgment denying Husband's Rule 74.06(b) motion to set aside the Full Order of Protection and remand for the circuit court to set a new date for the § 455.040 hearing on a full order of protection with proper notice to all parties.

## Conclusion

The judgment of the circuit court is reversed and remanded for a rehearing.

_____
Rebeca M. Navarro-McKelvey, J.

Lisa P. Page, P.J., and
Kurt S. Odenwald, J., concur.

8